1  BRIEN J. FARRELL, City Attorney (SBN 088318)
   MICHAEL J. CASEY, Assistant City Attorney (SBN 095730)
2  City of Santa Rosa
   100 Santa Rosa Avenue, Room 8
3  Santa Rosa, California 95404

4  Telephone:  (707) 543-3040
   Facsimile:   (707) 543-3055
5
   Attorneys for Plaintiffs City of Santa Rosa
6  and the People of the State of California

7

8
                    UNITED STATES DISTRICT COURT
9
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11 | CITY OF SANTA ROSA, PEOPLE OF          | Case No.  C 07 3528 MMC
   | THE STATE OF CALIFORNIA,               |
12 |                                        | **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SANCTIONS AGAINST DEFENDANTS AND THEIR ATTORNEY UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT POWER**
   |           Plaintiffs,                  |
13 | v.                                     |
   |                                        |
14 | RAMAN D. PATEL, individually and as    |
   | trustee of the Raman D. and Jashu R. Patel |
15 | Family Trust, Raman D. and Jashu R. Patel |
   | Residual Trust and Raman D. and Jashu R. |
16 | Patel Survivor's Trust, JAS 4 RAY      |
   | PROPERTIES, L.P., RITA PATEL, DAVID    | Date:  September 21, 2007
17 | STAFFORD, PRITA PATEL and DOES 3-      | Time:  9:00 a.m.
   | 20,                                    | Place: Courtroom 7, 19th Floor
18 |                                        |        450 Golden Gate Avenue
   |           Defendants.                  |        San Francisco, California
19 | _____/ | Judge: Hon. Maxine Chesney

20

21

22                                          **I.**

23                                        **Issue**

24         Plaintiffs' civil nuisance abatement action has been pending in state court for about one

25 and a half years.  Defendants initiated a separate civil rights action in the Northern District

26 arising out of the state case.  On August 14, 2006, Judge Maxine Chesney granted a stay of the

27 federal action to allow the state proceedings to be concluded.

28         One week before the third trial date in the state case, defendants removed it to federal

Plaintiffs' Memorandum of Points and Authorities in Support of Sanctions                    1

1  court. Should the court sanction defendants and/or their counsel for frivolous, improper and bad
2  faith conduct?

## II.

### Statement of Facts

Following an investigation into prostitution activity occurring at the defendants' property, the City of Santa Rosa initiated a public nuisance abatement action against the defendants. The complaint was brought under *California Penal Code §* 11255, et seq., which provides for injunctive relief, civil penalties and property closure.

The state court judge granted a Temporary Restraining Order prohibiting prostitution at the defendants' motel. The parties stipulated to a preliminary injunction that became an order of the court. Defendants then changed attorneys. They filed a Federal civil rights action against the City in the Northern District. At the City's request, Judge Maxine Chesney granted a stay of the action until the state court abatement action was completed.

Three different trial dates were assigned in the state court action: October 6, 2006, March 2, 2007, and July 13, 2007. However, the assigned trial judge was engaged in trial at the time of the first two settings and the case was not reached. The City was granted leave to file an amended complaint in February 2007. This amendment permitted the People of the State of California to be added as a plaintiff and for a claim to be added under *California Business & Professions Code §* 17200, et seq. - unlawful business practices. Defendants initially demurred to the amended complaint. After the court overruled the demurrer, the defendants answered and filed a cross-complaint against the City and numerous individuals including counsel for the plaintiffs.

Plaintiffs filed a motion to strike the complaint as it had been filed and served without leave of court. A hearing was scheduled on the motion for July 10, 2007, three days before the third trial call. Defendants filed opposition to the motion and the plaintiffs replied. However, before the state court could rule on the motion to strike, defendants removed the matter on July 6, 2007. The hearing on the motion was dropped. So was the trial date.

## III.

## **The Removal Petition**

The complaint was filed in state court on October 26, 2005. The amended complaint was allowed, and deemed filed and served, on February 21, 2007. However, the removal petition was not filed until July 6, 2007.

While the parties have been litigating this matter in state court for over 1 ½ years, the only documents attached to the removal petition were the order granting leave to file an amended complaint and the amended complaint.

The removal petition was untimely. Defendants were apparently relying on the revival exception of 28 U.S.C. § 1446(b).[1] Unfortunately, this is of no help to them. The amendment to the complaint plainly did not substantially alter the nature of the lawsuit. It was not "converted" into a new lawsuit. Had defendants truly believed that it had been, they undoubtedly would have moved for a continuance of the trial. Nevertheless, the proposed amended complaint was attached to the City's motion for leave to file an amended complaint. The court order allowing the amendment, and deeming it filed and served, was executed and filed on February 21, 2007. The removal petition, at the latest, should have been filed by March 23, 2007.

§ 1446(a) demands that the removal notice be filed with a copy of all process, pleadings and orders served upon defendants in the state action. Only two such documents were provided.[2]

Coming just one week before trial, it is difficult to escape the conclusion that this was a frivolous and patently improper removal.[3] Assuming arguendo that removal was even an option, the petition was patently untimely when the complaint was filed in October 26, 2005 and when the amended complaint was permitted and deemed filed and served on February 21, 2007.

More importantly, defendants completely fail to mention in their petition the federal civil rights case they filed in the Northern District, *Raman D. Patel, et al. v. City of Santa Rosa, et al.*,

---

[1] See paragraphs 13 and 14 of the removal petition.

[2] See Declaration of Michael J. Casey for copies of other pertinent pleadings, process and orders.

[3] *California Penal Code § 11228.*

Plaintiffs' Memorandum of Points and Authorities in Support of Sanctions    3

1  Case No, C 06-3267 MMC.  Nor do they advise the court of Judge Chesney's stay order to allow
2  the City's abatement action to proceed.  Defendants' claim in Paragraph 9 of their petition is
3  particularly odious.  They assert that they "have attempted to protect their due process and civil
4  rights, but are unable to do so as they will not be permitted to prosecute a civil rights cross-
5  complaint against the City..."  The duty of candor required defendants to inform the court,
6  specifically, that they in fact filed the cross-complaint.[4]  Since no ruling had been made on the
7  plaintiffs' motion to strike, the cross-complaint was still pending at the time of removal.[5]

     Defendants filing of the petition was also frivolous and improper in that they failed to include copies of all process, pleadings and orders served upon them in the state court pursuant to 28 U.S.C. § 1446(b).

     Numerous orders and pleadings were withheld.

     By no objective standard of reasonableness can it be said that the court had subject matter jurisdiction.  The complaint and amended complaint are plainly based on matters of local concern - prostitution - and brought under California law.  No question of federal law appears in these pleadings, nor did it suddenly appear one week before the third trial setting.  And federal law is clear that federal jurisdiction cannot be raised in a counter claim or cross-complaint.[6]

     Defendants' counsel knew, or should have known, that this matter was also not removable under 28 U.S.C. § 1443(1), contrary to his assertion in Paragraph 11 of the petition.

     The Ninth Circuit recently affirmed a remand order and attorneys fees in the case of *Patel v. Del Taco, Inc.* (9th Cir. 2006) 446 F.3d 996, a case involving defendants' counsel, Frank Weiser.  In that case, the court found that the state court action was not removable because the defendants failed to meet the second prong of the 28 U.S.C. § 1443(1) removal test.  As stated by the Ninth Circuit,

---

    [4]  See Exhibit W to the Declaration of Michael J. Casey.

    [5]  See Exhibit Y to the Declaration of Michael J. Casey.

    [6]  See *Metro Ford Truck Sales v. Ford Motor Co.* (5th Cir. 1998) 145 F.3d 320, 327; *Schwarzer, et al.,* Federal Civ. Proc., 2:704.5, 2D-52.

1  "The Patels had no objectively reasonable basis for removal. As set forth above,
2  there was no ground for removal based on 28 U.S.C. § 1443(1). There was also
3  no ground for removal based on 28 U.S.C. § 1441(a) because Del Taco's petition
4  to confirm the arbitration award did not contain any claim over which the district
5  court would have had original jurisdiction; nor was there any ground for removal
6  based on 28 U.S.C. § 1441(c). The Patels contended that, under 28 U.S.C. §
7  1441(c) and 28 U.S.C. § 1367, Del Taco's state court arbitration was removable
8  because, when joined with the Patels' civil rights claims, the federal district court
9  had supplemental jurisdiction over the petition. This contention is frivolous.
10 Section 1367, which provides for supplemental jurisdiction, is not a basis for
11 removal. Section 1441(c) permits the removal of an entire case where the *state*
12 *court plaintiff's pleadings* contain a federal claim that is separate and independent
13 from otherwise non-removable state law claims... There being no objectively
14 reasonable basis for removal, the district court did not abuse its discretion in
15 awarding attorneys' fees under § 1447(c) to Del Taco." [7] (emphasis in original)

16 This was the third time that the Ninth Circuit affirmed a remand order involving Mr.
17 Weiser since November 2004. In *Inland Valley Development Agency v. Patel* (9th Cir. 2004) 116
18 Fed. Appx 98 and in *People v. Dawodu* (9th Cir. 2004) 122 Fed. Appx. 884,[8] the district courts'
19 order of remand was affirmed for failure to meet the second prong of 28 U.S.C. § 1443(1).

20 Like the attorney in *Roundtree v. United States*,[9] Mr. Weiser is enamored with his
21 "hobbyhorse" of removal only to be told time after time that he is wrong.[10] Each time he forces
22 plaintiffs to go through the same expensive exercise. Each time he forces the courts to adjudicate
23 essentially the same issues. It is particularly galling to suffer this last minute frivolous roadblock

---

[7] *Id.*, 999-1000.

[8] Both cases not appropriate for publication.

[9] (9th Cir. 1994) 40 F. 3d 1036.

[10] *Id.*, 1040.

Plaintiffs' Memorandum of Points and Authorities in Support of Sanctions          5

to trial given counsel's tactics in the state court proceeding. Soon after he substituted in that case, Mr. Weiser filed a Notice of Appeal of the preliminary injunction that his clients had stipulated to.[11] But he filed it late. No opposition was filed to the City's motion to dismiss which was granted by the court of appeal.[12] Mr. Weiser then had the chutzpah to file a motion to reinstate the appeal. This, too, was rejected.[13]

The dilatory and obstructive conduct continued resulting in three separate orders compelling discovery responses.[14] And even though monetary sanctions were awarded in each order, Mr. Weiser and his clients have refused to pay them.[15] The federal courts have a broad duty to the public and may take judicial notice of an attorney's behavior whether in state or federal court when considering sanctions.[16]

Counsel's claimed expertise and experience may also be considered. The first listing for Mr. Weiser on Google search notes that he is a "civil rights lawyer".[17] Additionally, a Lexis Nexis search shows Mr. Weiser was counsel in approximately 35 federal cases. More than half of these cases involved some kind of civil rights claim pursued by Mr. Weiser's clients. His experience with federal court, and civil rights issues, gives rise to a strong inference that the removal was brought for an improper purpose.[18]

## IV.

### 28 U.S.C. § 1927 Sanctions

Defendants' attorney's misconduct justifies sanctions under 28 U.S.C. § 1927. This section authorizes the imposition of sanctions against any lawyer who wrongfully proliferates

---

[11] Exhibit G to the Declaration of Michael J. Casey.

[12] Exhibit H to the Declaration of Michael J. Casey.

[13] Exhibit I to the Declaration of Michael J. Casey.

[14] Exhibits M, N and O to the Declaration of Michael J. Casey.

[15] Paragraph 13 of Declaration of Michael J. Casey.

[16] *Peabody v. Citizen's Right of Way* (9th Cir. 1989) 892 F. 2d. 772, 777.

[17] Declaration of Michael J. Casey, paragraph 21 and Exhibit B.B.

[18] *Huettig & Schromm, Inc. v. Landscape Contractors Council* (9th Cir. 1986) 79 F. 2d 1421, 1426-1427.

1  litigation once a case has commenced.[19]  The court assesses the attorney's bad faith under a
2  subjective standard that can be met by knowing or reckless conduct.[20]

3   A finding of bad faith is warranted when an attorney knowingly or recklessly raises a
4  frivolous argument.[21]  Mr. Weiser acted in bad faith and with an improper purpose - to delay or
5  avoid the trial scheduled for July 13, 2007.  He knew that Judge Chesney had issued a stay order
6  of a substantially similar civil rights lawsuit his clients filed arising out of the state court action.
7  That order specifically stated that the action was "administratively closed" and could only be
8  initiated by the defendants filing a request to reopen after exhaustion of all appellate remedies in
9  the state court action.  Despite this explicit order, counsel filed a frivolous and improper removal
10 petition knowing that the state court action, and impending trial, would be immediately dead in
11 the water.  This egregious filing is compounded by its complete omission of the Patels' stayed
12 federal case in the petition itself.  To the contrary, counsel cagily worded the petition suggesting
13 that the defendants were unable to protect their due process and civil rights against the City.[22]

14  Mr. Weiser also knowingly or recklessly raised a frivolous argument in suggesting the
15 matter was removable under 28 U.S.C. § 1443(1) in light of the *Patel v. Del Taco, Inc.* (9th Cir.
16 2006) 446 F.3d 996, *Inland Valley Development Agency v. Patel* (9th Cir. 2004) 116 Fed. Appx.
17 98 and *People v. Dawodu* (9th Cir. 2004) 112 Fed. Appx. 884 cases that he participated in.  These
18 cases bear directly on Mr. Weiser's knowledge and intent in this case.[23]

19  The court has authority to suspend culpable counsel from practice before the court.[24]  It

---

[19] *Pacific Harbor Capital, Inc. v. Carnival Airlines, Inc.* (9th Cir. 2000) 210 F.3d 1112, 1117.

[20] *Id.*, 1118.

[21] *Hamilton v. Willms* (E.D. Cal. 2007) 2007 U.S. Dist. LEXIS 21336, 48.

[22] See paragraphs 9 and 10 of the removal petition.

[23] See *Fox Valley Constr. Workers v. Pride of the Fox Masonry & Expert Restorations* (7th Cir. 1998) 140 F. 3d 661, 667.

[24] *Malone v. U.S. Postal Service* (9th Cir. 1987) 833 F. 2d 128, 132 fn. 1; *Weissman v. Quail Lodge, Inc.* (9th Cir. 1999) 179 F.3d 1194, 1197.

1  also has authority to issue a "pre-filing review" sanction. That is, an attorney may be required to
2  obtain a certification from a magistrate that a claim or filing is not frivolous and is not being
3  brought for an improper purpose.[25]

4  Plaintiffs have incurred, and will incur, the following attorneys fees as a result of the Rule
5  11 violation: 1) Trial preparation for the July 13, 2007 trial call that will be duplicated - $1,625
6  (5 hours x $325/hour); 2) Preparation of Motion to Remand prior to receiving the remand order
7  on July 24, 2007 - $8,612.50 (26.5 hours x $325/hour); 3) Getting motions back on calendar in
8  state court and new trial date; preparing new trial subpoenas, notices to attend trial, and
9  notifications of new trial to witnesses - $975-$1,300 (3-4 hours x $325/hour). The total amounts
10 to $11,212 to $11,537.

11 The attorneys fees incurred for presenting this motion for sanctions are approximately
12 $9,100 (28 hours x $325/hour).

### V.

### **The Court Has Inherent Power to Impose Sanctions**

15 The court has inherent power to discipline lawyers who appear before it and to sanction
16 them.[26] Under this power, the court may assess attorney's fees as a sanction for the willful
17 disobedience of a court order or when a party acts in bad faith.[27] This inherent power is not
18 displaced by Rule 11 or 28 U.S.C. § 1927.[28] It is recognized as a well-acknowledged authority of
19 the court to levy sanctions in response to abusive litigation practices, and it is generally related to
20 the management of its own docket.[29]

---

[25] *Ortman v. Thomas* (6th Cir. 1996) 99 F.3d 807, 811; *Tropf v. Fidelity Natl. Ins. Co.* (6th Cir. 2002) 289 F.3d 929, 940.

[26] *Chambers v. NASCO, Inc.* (1991) 501 U.S. 32, 43.

[27] *Id.*, *Aleyeska Pipeline Service Co. v. Wilderness Society* (1975) 421 U.S. 240, 258.

[28] *Chambers*, supra, 46.

[29] *Roadway Express v. Piper* (1980) 447 U.S. 752, 764; *Marrama v. Citizens Bank* (2007) 127 S. Ct. 1105, 1112; *Peabody v. Citizens Right of Way* (9th Cir. 1989) 892 F.2d 772, 777.

Under both *Roadway* and *Chambers*, bad faith includes a broad range of willful improper conduct.[30] *Fink* explains that sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith,[31]

> "Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment or an improper purpose. Therefore, we hold that an attorney's reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power."[32]

It is no stretch to characterize counsel's conduct in this case as reckless and knowing. As such, it is tantamount to bad faith and sanctionable.[33]

## VI.
### Conclusion

There is no reasonably plausible reason for counsel to have removed this action one week before trial. Not after he filed the other federal civil rights action and was aware of Judge Chesney's stay order. Not after the February 21, 2007 order granting the amended complaint, defendants' demurrer, and answer to the amended complaint. Not after he filed and served the cross complaint and opposed plaintiffs' motion to strike. And not after litigating the case in state court for 1 ½ years and letting two trial settings come and go.

It is time for Mr. Weiser to face the music for his sharp practices and his bad faith antics. The Standards of Professional Conduct in this court require each member to maintain respect due to the court; practice with honesty, care, and decorum required for the fair and efficient

---

[30] *Fink v. Gomez* (9th Cir. 2001) 239 F.3d 989, 992.

[31] *Id*., 994.

[32] *Id.*

[33] *B.K.B v. Maui Police Dept.* (9th Cir. 2002) 276 F.3d 1091, 1108.

administration of justice; and discharge his obligations to the court.[34]

The courts have long recognized an inherent authority to suspend or disbar attorneys.[35] Suspension or prohibition from practicing in front of the Northern District is not an unreasonable sanction in this matter.

Dated:  July _____, 2007

_____
MICHAEL J. CASEY
Assistant City Attorney
Attorneys for Plaintiffs

---

[34] *Civ. L.R.* 11-4 (a)(3), (4) & (5).

[35] *In re Snyder* (1985) 472 U.S. 634, 643.