1 | BRIEN J. FARRELL, City Attorney (SBN 088318)
2 | MICHAEL J. CASEY, Assistant City Attorney (SBN 095730)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
3 | Santa Rosa, California 95404

4 | Telephone: (707) 543-3040
Facsimile: (707) 543-3055

5
Attorneys for Plaintiffs City of Santa Rosa
6 | and the People of the State of California

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SANTA ROSA, PEOPLE OF THE STATE OF CALIFORNIA, | Case No. C 07 3528 MMC |
| Plaintiffs, | **DECLARATION OF MICHAEL J. CASEY IN SUPPORT OF MOTION FOR SANCTIONS** |
| v. | |
| RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, JAS 4 RAY PROPERTIES, L.P., RITA PATEL, DAVID STAFFORD, PRITA PATEL and DOES 3-20, | Date: September 21, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 7, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA<br>Judge: Hon. Maxine Chesney |
| Defendants. | |

I, Michael J. Casey, declare:

1. I am an attorney licensed to practice law before all courts in the State of California and in the United States District Court, Northern District of California. I am employed as an Assistant City Attorney for the City of Santa Rosa and represent the plaintiffs.

2. I am the attorney who prepared, and caused to be filed, the case of *City of Santa Rosa v. Raman D. Patel, et al.*, Sonoma County Superior Court Action No. SCV-237667. I am also the attorney for the City of Santa Rosa in the Northern District case of *Raman D. Patel, et al.*

Declaration of Michael J. Casey In Support of Motion for Sanctions                                      1

1 *v. City of Santa Rosa, et al.*, Case No. C 06-3267 MMC. True and correct copies of various pleadings, orders and briefs served and filed in those actions are attached to this declaration. Plaintiffs request that the court take judicial notice of these records under *Federal Rules of Evidence* 201 and 1005.

3. On July 9, 2007, I began research for a Motion to Remand. The following day, July 10, 2007, I faxed a letter to defendants' counsel (see Exhibit A.A.) requesting that he immediately dismiss the removal petition. I also advised that if he did not do so, that I would seek a remand order and sanctions. I received no response.

4. By the time I received the court's order of remand (4:16 p.m., July 24, 2007), I had already completed a Motion to Remand and was almost finished with a Motion for Sanctions under Rule 11, 28 U.S.C. § 1927, and the inherent power of the court. The Motion to Remand was to be served and filed by July 26, 2007. The Motion for Sanctions was to be served by July 25, 2007. Since receipt of the remand order, I have re-worked the motion for sanctions to delete the request for Rule 11 sanctions. However, because I believe that the removal was done in bad faith and frivolously just one week before trial, I think other sanctions are appropriate.

5. Attached as Exhibit A is a copy of the endorsed-filed complaint filed in state court on October 26, 2005. Exhibit B is a copy of the Temporary Restraining Order issued against the defendants.

6. The City and the Patels stipulated to a preliminary injunction in the state action. In this injunction, the Patels agreed to demolish their motel. Exhibit C is a copy of the Stipulation and Order for Preliminary Injunction.

7. Exhibit D is a copy of the substitution of Doe defendants for David Stafford and Prita Patel. Exhibit E contains copies of the defendants' answers to the state complaint.

8. Exhibit F contains copies of the Substitution of Attorneys where defendants substituted in Frank A. Weiser as their new attorney. Exhibit G is a copy of the Notice of Appeal of the Stipulated Preliminary Injunction filed by Mr. Weiser.

9. Because this Notice of Appeal was filed late, I filed a motion to dismiss the appeal. The Court of Appeal granted my motion. Exhibit H is a copy of the order dismissing the

Declaration of Michael J. Casey In Support of Motion for Sanctions                    2

1  appeal. Defendants then filed a motion to reinstate the appeal. This motion was denied. A copy
2  of that order is attached as Exhibit I. Exhibit J is a copy of the remittitur that issued on October
3  10, 2006.

4      10.    On May 17, 2006, the defendants filed a civil rights lawsuit in the Northern
5  District Federal Court against the City, its police department, the mayor, a council member and
6  numerous police officers. A copy of that lawsuit is attached as Exhibit K.

7      11.    The City filed a motion to stay the federal action filed by defendants. Judge
8  Maxine Chesney granted the motion and a copy of her order is attached as Exhibit L.

9      12.    In the state case, the trial was first scheduled for October 6, 2006. The assigned
10  judge, Knoel Owen, was engaged in another trial at the time and the case was not reached. The
11  second trial date was scheduled for March 2, 2007. Again, the judge was tied up in trial and the
12  matter was re-set for July 13, 2007.

13      13.    In the state case, Judge Knoel Owen issued several orders compelling the
14  defendants to respond to discovery requests and awarding sanctions. Copies of those orders are
15  attached as Exhibits M, N and O. Defendants have refused to pay the monetary sanctions as
16  ordered.

17      14.    Judge Owen also issued an immunity order, at the City's request, for two of the
18  defendants' employees to testify at deposition and trial. A copy of that protective and immunity
19  order is attached as Exhibit P.

20      15.    On January 22, 2007, I filed a motion for leave to amend the complaint. Exhibit
21  Q is a copy of the motion and supporting declaration. The defendants opposed the motion.
22  Exhibit R is a copy of the reply brief. The state court granted this motion and allowed the City to
23  file an amended complaint. Exhibit S is a copy of the order.

24      16.    On February 28, 2007, the defendants filed a demurrer to the amended complaint.
25  A copy is attached as Exhibit T. The plaintiffs opposed this demurrer. Exhibit U is a copy of the
26  court's order overruling the demurrer.

27      17.    Attached as Exhibit V is a copy of the defendants' Answer to the First Amended
28  Complaint that was served on May 4, 2007.

Declaration of Michael J. Casey In Support of Motion for Sanctions    3

1  18. Attached as Exhibit W is a copy of the cross-complaint that the defendants served, together with copies of the proofs of service filed with the state court. I am personally named as a cross-defendant and was personally served with the cross-complaint.

19. Because the cross-complaint was filed without leave of court, I filed a Motion to Strike. A copy is attached as Exhibit X.

20. Exhibit Y is a copy of the defendants' opposition to our motion to strike and our reply brief.

21. Defendants' petition for removal was filed on July 6, 2007, one week before the third trial setting in the state action - July 13, 2007. Copies of the state court's notices of trial are contained in Exhibit Z.

22. On July 10, 2007, I faxed a letter to Mr. Weiser asking him to dismiss the removal action. I told him that if we had to file a motion for remand, we would also seek sanctions. A true and correct copy of that fax is attached as Exhibit A.A.

23. On July 18, 2007, I performed a Google search for "frank a. weiser". Attached as Exhibit B.B. is a true and correct copy of the first listing page that was downloaded.

24. On July 18, 2007, I performed a LexisNexis search for "frank a. weiser" under "Federal Court Cases, Combined". Attached as Exhibit C.C. is a true and correct copy of 35 cases that were found.

25. I have been a practicing lawyer since December 1980 and I have an "AV" rating from Martindale-Hubbell. On cases in which the City is entitled to recover attorney's fees, I keep a log and record the amount of time I spend on the case. My hourly rate is billed at $325 an hour. Attached as Exhibit D.D. is the time log that I have kept for this removal petition. I have separated the time that I have spent between the motion for remand and the motion for sanctions. As of July 23, 2007, I have spent the following time on these two matters::

   Motion to Remand:        26.5 hours x $325/hour   =   $8,612.50
   Motion for Sanctions:    28 hours x $325/hour     =   $9,100.00

26. I spent 5 hours of time in preparation for the trial that was scheduled for July 13, 2007, before I found out that the state case was stayed and removed. This time was spent

Declaration of Michael J. Casey In Support of Motion for Sanctions    4

1  preparing notices to attend trial with production of documents, preparing subpoenas duces tecum
2  and notice to consumers, and reviewing numerous witness files.  All of this time will have to be
3  duplicated again when a new trial date is assigned.  The attorneys fees for this preparation
4  amounts to $1,625.
5       27.    When the matter is remanded to state court, it will be necessary for me to renew
6  the motions to strike that were pending at the time of removal.  I will also need to obtain a new
7  trial date, prepare new subpoenas, new notices to attend trial and notification of witnesses.  I
8  estimate that this will take 3-4 hours, resulting in additional attorney's fees of $975 to $1,300.
9       I declare under penalty of perjury that the foregoing is true and correct.
10      Executed this _____ day of July, 2007, in Santa Rosa, California.

            _____
            MICHAEL J. CASEY
            Assistant City Attorney
            Attorney for Plaintiffs

Declaration of Michael J. Casey In Support of Motion for Sanctions                    5