ENDORSED FILED
OCT 26 2005
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1  BRIEN J. FARRELL, City Attorney (SBN 088318)
   MICHAEL J. CASEY, Assistant City Attorney (SBN 095730)
2  City of Santa Rosa
   100 Santa Rosa Avenue, Room 8
3  P. O. Box 1678
   Santa Rosa, California 95402
4
   Telephone: (707) 543-3040
5  Facsimile:  (707) 543-3055

6  Attorneys for Plaintiff City of Santa Rosa

7

8              SUPERIOR COURT OF CALIFORNIA

9                   COUNTY OF SONOMA

10
                                    Case No. SCV 237667
11  CITY OF SANTA ROSA,
                                    COMPLAINT FOR INJUNCTIVE
12         Plaintiff,               RELIEF UNDER RED LIGHT
    v.                              ABATEMENT LAW AND
13                                  ABATEMENT OF NUISANCE
    RAMAN D. PATEL, individually and as
14  trustee of the Raman D. and Jashu R. Patel
    Family Trust, Raman D. and Jashu R. Patel   (Unlimited Civil Case)
15  Residual Trust and Raman D. and Jashu R.
    Patel Survivor's Trust, JAS 4 RAY           [Penal Code § 11225 et. seq.; C.C.P. § 731]
16  PROPERTIES, L.P., RITA PATEL, and
    DOES 1-20,
17
           Defendants.
18                                          /

19

20         The CITY OF SANTA ROSA, a municipal corporation and charter city, as plaintiff,

21  alleges:

22                      **Preliminary Allegations**

23     1.   The City of Santa Rosa (the City) is a municipal corporation and a charter city

24  organized under California law.

25     2.   DOES 1-20 are fictitious defendants as their names and capacities are unknown.

26  This complaint will be amended accordingly when their names and capacities are ascertained.

27     3.   The owners of the real property located at 2400 Santa Rosa Avenue, Santa Rosa,

28  California, are listed in the County Assessor's records as Raman D. Patel, as Trustee of the

Complaint for Injunctive Relief                 1

Raman D. and Jashu R. Patel Residual Trust and Raman D. Patel, as trustee of the Raman D. and Jashu R. Patel Survivors Trust. This property is described as APN 044-041-060 and the legal description is attached as Exhibit 1. It is commonly known and referred to as the Llano Motel.

4.  Allegations of any act of defendants also mean and include their officers, agents, managers, representatives, employees or Does 1 through 20. And these allegations mean that these acts were done and authorized while actively engaged in the operation, management, direction or control of the affairs of the defendants and within their course and scope of duties.

5.  Defendants own and operate the Llano Motel, which has a reputation of being a place of prostitution. Prostitutes, and their pimps, use rooms at this motel where they engage in acts of prostitution. They also use the motel premises to make arrangements for prostitution activities both at the motel and elsewhere in the city. Along with these illegal activities, other criminal enterprises, including illegal narcotics trafficking, take place at and through the Llano Motel.

## Abatement of a Public Nuisance

(Penal Code § 11225 et. seq., Code of Civil Procedure § 731, Civil Code §§ 3479, 3480)

6.  This action is brought under Penal Code § 11226, Code of Civil Procedure Section 731 and Santa Rosa City Code § 1-28.010(B). All of these provisions authorize the City Attorney to bring this action.

7.  Defendants have caused, maintained, and permitted a continuing public nuisance on their property at 2400 Santa Rosa Avenue. They own and operate a building on this property that is used for the purpose of prostitution. And they own and operate a place, at this location, upon which acts of prostitution occur. For example,

   a)  May 7, 2005: Two prostitutes were contacted by the police at the Llano Motel. Both admit that they had been arrested on prostitution charges in several counties, and both are on probation. They also admit they had been staying at the motel for several days and had earned approximately $1,300. Both prostitutes were arrested for Penal Code § 653.22(a) -

loitering with the intent to commit prostitution. The arresting officer noted, in his report, that the Llano Motel is frequently used by prostitutes from out of the area. And he reported that the motel is referenced on internet sites as the best place in Santa Rosa for out of the area prostitutes to stay and work.

b) <u>May 19, 2005</u>: A John (male customer of a prostitute) tells police that he picked up a prostitute hanging out in front of the Llano Motel. He admits he drove into the motel parking lot because he had prior contacts with prostitutes there. On this date, the John met the prostitute and she offered oral sex for $40. The John admitted to meeting prostitutes at the Llano Motel three times. On two of these occasions, they used the motel rooms.

c) <u>May 31, 2005</u>: An undercover officer pulled into the Llano Motel parking lot. After he got out of his car, a woman walked out from one of the rooms and told him the charge was $100. When the officer told her he only had $20, he asked how much she would charge for a "half and half". She responded that it would cost him $80 and that they could use her motel room.

d) <u>June 30, 2005</u>: The police arrest a pimp at the Llano Motel for forcing a 19-year old girl to perform acts of prostitution at the motel. The victim had been forced to prostitute herself with six different men during the evening before. The pimp and the victim, as well as another prostitute, were staying at the Llano Motel, where the forced acts took place.

e) <u>August 21, 2005</u>: Police investigate an assault and robbery at the Llano Motel. After a John had sex with a prostitute in one of the motel rooms, he was beaten and robbed.

f) <u>October 22, 2005</u>: A John was contacted by the police after he left the motel. He admitted to having oral sex in room #10 for $30. The only reason he went there is because his friends said that the motel was the

place to go to get a prostitute.

Several undercover officers were solicited for prostitution. And approximately 10 prostitutes were found using and/or working several rooms at the motel.

The police arrested the co-managers for pimping and running a house of prostitution. They admitted to the officers that the owners of the motel encouraged the renting of rooms to prostitutes. And they admitted that the owners set the prices and "house rules" for the prostitutes. Generally, the room rate is $54.50 daily, for a single person, and $65.00 for two persons. Hookers and pimps are charged approximately $150.00 per girl whether or not they share a room. One of the managers admitted to the police that the majority of the motel's business is from prostitutes.

8. Defendants' maintenance of their property in this condition is a continuing public nuisance as defined in Civil Code §§ 3479 and 3480. And it constitutes a public nuisance under the Red Light Abatement Law contained in Penal Code § 11225 et. seq. Their property affects the entire community and neighborhood. Its current condition is injurious to health, offensive to the senses, and unlawfully obstructs the free use of the property and neighboring properties by interfering with the comfortable enjoyment of life and property. This condition is objectionable to the neighborhood and the community at large. And this condition renders the property a "nuisance per se."

9. Plaintiff believes that the defendants will continue to permit this illegal activity and nuisance to occur. This will continue to cause irreparable injury and harm to the public's health, safety and welfare.

10. Plaintiff has no adequate remedy at law.

11. Plaintiff believes that defendants will not abate or remove the nuisance within a reasonable period of time. If it becomes necessary for the City to abate the nuisance, substantial costs will be incurred. Therefore, plaintiff requests recovery of its costs to abate and remove the nuisance and establish a prior lien on the property for these costs.

Complaint for Injunctive Relief                4

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the property, building(s) and place(s) located at 2400 Santa Rosa Avenue, Santa Rosa, California, and the existing conditions thereon, be declared in violation of Penal Code §§ 11225, et. seq., and Civil Code § 3479 et. seq.

2. For a temporary restraining order, preliminary injunction and a permanent injunction to perpetually enjoin the defendants, lessees, agents, successors, heirs, assigns, and subsequent owners, lessees and agents, from directly or indirectly maintaining or permitting the nuisance.

3. That defendants' property, including all buildings upon it, at 2400 Santa Rosa Avenue, Santa Rosa, California be declared a continuing public nuisance.

4. That defendants be perpetually enjoined from maintaining a public nuisance on their property, and that they be ordered to abate all conditions that cause the nuisance.

5. That an order of abatement be entered as part of the judgment in this case directing that all fixtures, musical instruments and moveable property used in conducting, maintaining, aiding, or abetting the nuisance be removed from the buildings at 2400 Santa Rosa Avenue and sold in the manner provided for the sale of chattels under execution.

6. That all buildings on the premises at 2400 Santa Rosa Avenue be closed against use for any purpose, and kept closed for a period of one year. In the alternative, if the court finds that any vacancy resulting from closure may create a nuisance or that closure is otherwise harmful to the community, the court should order the defendants to pay damages in an amount equal to the fair market rental value of the buildings on the premises for one year to the City.

7. For fees and sums incurred for removing and selling the movable property and for closing the premises and keeping them closed.

8. For a civil penalty of $25,000 against each defendant pursuant to Penal Code § 11230(b).

9. That defendants be ordered to disgorge and/or make restitution of all profits gained from their wrongful conduct.

10. That the abstract of judgment in this case constitutes a prior lien over any other

Complaint for Injunctive Relief                     5

that may be held on the properties.

11. That plaintiff recover costs of suit from defendants, their successors, heirs and assigns, including attorneys' fees, and expenses for investigation, enforcement and prosecution.

12. That a receiver be appointed under Code of Civil Procedure § 564.

13. That plaintiff is entitled to such other relief as the court deems proper and just.

Dated: October 26, 2005

MICHAEL J. CASEY
Assistant City Attorney
Attorney for Plaintiff

Complaint for Injunctive Relief      6

## EXHIBIT "A"

All that real property situated in an unincorporated area, County of Sonoma, State of California, described as follows:

PARCEL ONE:

Being a portion of the lands of J. P. Crowther, as said lands are described in Book 1173 of Official Records, page 95, and being more particularly described as follows:

Beginning at the Southwest corner of said lands of Crowther, said point also being on the Easterly line of Santa Rosa Avenue; thence from said point of beginning along the Southerly line of said lands of Crowther North 89° 37' 40" East (Deed North 39° 45' East) 261.50 feet to a ½" iron pipe; thence North 1° 11' 30" West, 153.60 feet to a ½" iron pipe; thence North 45° 07' West 23.09 feet to a ½" iron pipe; thence South 89° 37' 40" West, 245.10 feet to a ½" iron pipe marking the Easterly line of said Santa Rosa Avenue; thence along the Easterly line of said Avenue South 0° 11' 30" East 170.00 feet to the point of beginning.

Excepting from the above Parcel One the following: That certain portion of the lands of J. P. Crowther as said lands are described in Book 1173 of Official Records, page 95, of said Sonoma County, more particularly described as follows:

Beginning at the Southwest corner of said lands of Crowther, said point also being on the Easterly line of Santa Rosa Avenue (100.00 feet wide); thence North 00° 11' 30" West, along the Westerly line of said lands of Crowther and along said Santa Rosa Avenue, a distance of 140.00 feet; thence North 89° 37' 40" East, parallel with the Southerly line of said lands of Crowther, a distance of 150.00 feet; thence South 00° 11' 30" East, parallel with said Easterly line of Santa Rosa Avenue, a distance of 140.00 feet to the Southerly line of said lands of Crowther; thence South 89° 40' West (South 89° 45' 00" West record per said deed to Crowther), along said Southerly line of the lands of Crowther, a distance of 150.00 feet to the point of beginning.

PARCEL TWO:

Being a portion of the lands of J. P. Crowther, as said lands are described in Book 1173 of Official Records, page 95, and being more particularly described as follows:

Commencing at the Southwest corner of said lands of Crowther, said point also being on the Easterly line of Santa Rosa Avenue; thence from said point along the Southerly line of said lands of Crowther, North 89° 37' 40" East (Deed North 89° 45' East) 261.50 feet to a ½" inch iron pipe; thence North 0° 11' 30" West 153.60 feet to a ½ inch iron pipe, said point being the TRUE POINT OF BEGINNING of the herein described parcel of land; thence from said point of beginning North 45° 07' West, 23.09 feet to a ½ inch iron pipe; thence South 89° 37' 40" West, 245.10 feet to a ½ inch iron pipe marking the Easterly line of said Santa Rosa Avenue; thence North 0° 11' 30" West and along said Easterly line 30.00 feet to a point; thence North 89° 37' 40" East 261.50 feet to a ½ inch iron pipe; thence South 0° 11' 30" East 46.40 feet to the true point of beginning.

RECORDING REQUESTED BY
**ATTORNEY**
AND WHEN RECORDED, MAIL THIS DEED AND,
UNLESS OTHERWISE SHOWN BELOW, MAIL TAX
STATEMENTS TO:

ALLEN T. RATCLIFFE, JR.
Attorney at Law
156 Diablo Road
Suite 310
Danville, CA 94526

2002180569
OFFICIAL RECORDS OF
SONOMA COUNTY
EEVE T. LEWIS

GENERAL PUBLIC
11/19/2002 08 37 DEED
RECORDING FEE. 10.00
2


Title Order No. _____ Escrow No. _____

**MAIL TAX STATEMENTS TO:**

DOCUMENTARY TRANSFER TAX =ZERO; TRANSFER BY REASON OF DEATH;
NO CONSIDERATION; NOT PURSUANT TO A SALE
__ COMPUTED ON FULL VALUE OF PROPERTY CONVEYED; OR
__ COMPUTED ON FULL VALUE LESS LIENS AND ENCUMBRANCES
REMAINING AT TIME OF SALE

_____
ALLEN T. RATCLIFFE, JR.

## GRANT DEED

I,

RAMAN D. PATEL, as Successor Trustee of the RAMAN D. AND JASHU R.
PATEL FAMILY TRUST, UTD 11/25/88

DO HEREBY GRANT, TRANSFER AND CONVEY TO

RAMAN D. PATEL, as Trustee of the RAMAN D. AND JASHU R. PATEL RESIDUAL
TRUST, UTD 11/25/88, as to an undivided fifty percent (50%) interest;
and RAMAN D. PATEL, as Trustee of the RAMAN D. AND JASHU R. PATEL
SURVIVOR'S TRUST, UTD 11/25/88, as to an undivided fifty percent (50%)
interest

ALL RIGHT, TITLE AND INTEREST IN AND TO THAT CERTAIN REAL PROPERTY SITUATED IN AN UNINCORPORATED AREA, COUNTY OF
SONOMA, STATE OF CALIFORNIA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

SEE EXHIBIT "A," ATTACHED HERETO AND MADE A PART HEREOF
Assessor's Parcel Number: 044-041-066
Commonly known as: 2400 Santa Rosa Ave., Santa Rosa, CA 95401

NOTE 1: This deed vests title in the name of the above identified person or entity by reason of the death of a person and is exempted pursuant to Revenue and Tax Code §11930 from taxes imposed by Revenue and Tax Code §11911.
NOTE 2: Transfer to a trustee for the beneficial use of a surviving spouse and which takes effect upon the death of a spouse which is **exempt from reassessment** pursuant to Revenue and Tax Code §§63(a) and 63(b).

Executed on __10-29-__, 2002, at __Santa Rosa__, California.

STATE OF CALIFORNIA  )
                     ) SS.
COUNTY OF __Sonoma__ )

ON __10/29__, 2002, BEFORE ME, THE UNDERSIGNED NOTARY PUBLIC, PERSONALLY APPEARED RAMAN D. PATEL, TRUSTEE, PERSONALLY KNOWN TO ME (OR PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE) TO BE THE PERSON WHOSE NAME IS SUBSCRIBED TO THE WITHIN INSTRUMENT AND ACKNOWLEDGED TO ME THAT HE EXECUTED THE SAME IN HIS AUTHORIZED CAPACITY, AND THAT BY HIS SIGNATURE ON THE INSTRUMENT THE PERSON, OR THE ENTITY ON BEHALF OF WHICH HE ACTED, EXECUTED THE INSTRUMENT.
WITNESS MY HAND AND OFFICIAL SEAL.

SIGNATURE _____
Mail tax bills as directed above.

_Raman D. Patel_
RAMAN D. PATEL, Trustee


OFFICIAL SEAL 1249188
CYNTHIA HANSON
NOTARY PUBLIC CALIF
COUNTY OF SONOMA
My Comm Exp Jan 11, 2004

RECORDING REQUESTED BY
  ATTORNEY

AND WHEN RECORDED, MAIL THIS DEED AND,
UNLESS OTHERWISE SHOWN BELOW, MAIL TAX
STATEMENTS TO:

ALLEN T. RATCLIFFE, JR.
Attorney at Law
156 Diablo Road
Suite 310
Danville, CA 94526

Title Order No. _____ Escrow No. _____

2003051671

OFFICIAL RECORDS OF
SONOMA COUNTY
EEVE T LEWIS

GENERAL PUBLIC
03/18/2003 08:35 DEED
RECORDING FEE: 13.00

3



MAIL TAX STATEMENTS TO:

RAMAN D. PATEL
508 Dennett Court
Rohnert Park, CA 94928-1710

## GRANT DEED

THIS DOCUMENT IS BEING RE-RECORDED TO CORRECT THE SEQUENCE OF RECORDING