FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 903
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)

Attorney for Plaintiffs
RAMAN D. PATEL, individually
and as trustee of the Raman
D. and Jashu R. Patel Family
Trust, Raman D. and Jashu R.
Patel Residual Trust and
Raman D. and Jashu R. Patel
Survivor's Trust, and as
General Partner of the JAS 4
RAY PROPERTIES, L.P.; RITA
PATEL; DAVID STAFFORD, individually
and as guardian of BRIJESH R. DAJI;
PRITA PATEL; BRIAN BALES

E-filing

FILE BY FAX

MMC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 06 3267

| | |
|---|---|
| RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, and as General Partner of the JAS 4 RAY PROPERTIES, L.P.; RITA PATEL; DAVID STAFFORD, individually and as guardian of BRIJESH R. DAJI; PRITA PATEL; BRIAN BALES, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SANTA ROSA; CITY OF SANTA ROSA POLICE DEPARTMENT; MAYOR JANE BENDER, sued individually and in her official | Case No. <br><br> COMPLAINT FOR DAMAGES; INJUNCTIVE AND DECLARATORY RELIEF <br><br> [Violation of Federal Civil Rights - 42 U.S.C. Sections 1983, 1981, 1982, 1985(3) and 18 U.S.C. Section 1964(c)] <br><br> DEMAND FOR JURY TRIAL |

```
 1   capacity; COUNCILMEMBER JANET         )
 2   CONDRON, sued individually and        )
     in her official capacity;             )
 3   DETECTIVE THOMAS PEIRISOL, sued       )
     individually and in his official     )
 4   capacity; DETECTIVE STEVE FRAGA,      )
     sued individually and in his          )
 5   official capacity; CITY OF SANTA      )
     ROSA POLICE OFFICER GREG YAEGER;      )
 6   CITY OF SANTA ROSA POLICE OFFICER)
     PAUL HENRY; CITY OF SANTA ROSA        )
 7   POLICE OFFICER  ERIC GOLDSCHLAG;      )
     CITY OF SANTA ROSA POLICE             )
 8   OFFICER DAVID P. GORMAN;              )
     CITY OF SANTA ROSA                    )
 9   POLICE OFFICER DAVID MARCONI;         )
     CITY OF SANTA ROSA POLICE             )
10   OFFICER MICHAEL S. TOSTI; CITY        )
     OF SANTA ROSA POLICE OFFICER          )
11   DAVID LINSCOMB; CITY OF SANTA         )
     ROSA POLICE OFFICER DAVID JONES;      )
12   CITY OF SANTA ROSA POLICE             )
     OFFICER MICHAEL CHAD HEISER;          )
13   CITY OF SANTA ROSA POLICE OFFICER)
     CHRISTOPHER PARMAN; CITY OF           )
14   SANTA ROSA POLICE OFFICER MARCUS )
     R. SPRAGUE; CITY OF SANTA             )
15   ROSA POLICE OFFICER DAVID             )
     ALBRITTON; CITY OF SANTA ROSA         )
16   POLICE OFFICER MATTHEW TOMLIN;        ).
     CITY OF SANTA ROSA POLICE             )
17   OFFICER NOAH CADE; CITY OF            )
     OF SANTA ROSA POLICE OFFICER          )
18   KOHUT sued as DOE 1 individually )
     and in his official capacity;         )
19   CITY OF SANTA ROSA POLICE             )
     OFFICER GARY NEGRI, sued as           )
20   DOE 2 individually and in his         )
     official capacity; CITY OF SANTA )
21   ROSA POLICE OFFICER BARR,             )
     sued as DOE 3 individually and        )
22   in his official capacity; DOES        )
     4 THROUGH 10 INCLUSIVE,               )
23                                         )
                                           )
24              Defendants.                )
     _____
25        Plaintiffs RAMAN D. PATEL, individually and as

26   trustee of the Raman D. and Jashu R. Patel Family Trust,

27   Raman D. and Jashu R. Patel Residual Trust and

28   Raman D. and Jashu R. Patel Survivor's Trust, and as
```

General Partner of the JAS 4 RAY PROPERTIES, L.P.; RITA PATEL; DAVID STAFFORD, individually and as guardian of BRIJESH R. DAJI; PRITA PATEL; BRIAN BALES ("Plaintiffs", or named individually as "Raman Patel," "Brijesh Daji," "Jas 4," "Rita Patel," "David Stafford," "Prita Patel," and "Brian Bales") as a Complaint and state and allege as follows:

<u>JURISDICTION AND VENUE</u>

1.     Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3).    This action, which arises under the laws and Constitution of the United States, specifically, under the First, Fourth, Fifth and Fourteenth Amendments, and involves violations of federal law actionable pursuant to 42 U.S.C. Sections 1981, 1982, 1983, 1985(3) and 18 U.S.C. 1964(c).

2.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF SANTA ROSA ("City"), is a public entity in this District; all the individual defendants reside and are employed in this District, and the claims arose in this District.

<u>PARTIES</u>

3.     Plaintiffs Raman Patel, Brijesh Daji, Jas 4, Rita Patel and Prita Patel were at all times material herein the legal and beneficial owners and operators of the LLANO MOTEL (the "Motel") located at 2400 Santa Rosa Avenue, Santa Rosa, California.

4. Plaintiffs are long time upstanding and reputable residents of the City.

5. Plaintiff Raman Patel is the father of his son Brijesh Daji, who is a minor, and daughters Rita Patel and Prita Patel.

6. Rita Patel is married to David Stafford and Prita Patel is married to Brian Bales.

7. In addition to owning and operating the motel, Rita Patel is the owner and operator of Rita Patel Insurance Services; David Stafford is a general contractor; and Prita Patel and Brian Bales are insurance agents that all principally operate in the City.

8. Plaintiffs allege that the Defendant City is, and and at all times herein mentioned was, a public entity organized under the laws and constitution of the State of California.

9. Plaintiffs allege that the Defendant CITY OF SANTA ROSA POLICE DEPARTMENT ("Police Department") is, and and at all times herein mentioned was, a public agency organized under the laws and constitution of the State of California, principally charged with law enforcement in the City.

10. Plaintiffs allege that Defendants MAYOR JANE BENDER, sued individually and in her official capacity ("Bender") and COUNCILMEMBER JANET CONDRON, sued individually and in her official capacity ("Condron"), is and at all times

material herein were, elected officials employed by the City and operating in said capacity in the jurisdiction of the City. The actions taken by said officials as described later were not in their legislative capacity.

11.    Plaintiffs allege that Defendants DETECTIVE THOMAS PEIRISOL, sued individually and in his official capacity ("Peirisol"); DETECTIVE STEVE FRAGA, sued individually and in his official capacity ("Frage"); CITY OF SANTA ROSA POLICE OFFICER GREG YAEGER ("Yaeger"); CITY OF SANTA ROSA POLICE OFFICER PAUL HENRY ("Henry"); CITY OF SANTA ROSA POLICE OFFICER ERIC GOLDSCHLAG ("Goldschlag"); CITY OF SANTA ROSA POLICE OFFICER DAVID P. GORMAN ("Gorman"); CITY OF SANTA ROSA POLICE OFFICER DAVID MARCONI ("Marconi"; CITY OF SANTA ROSA POLICE OFFICER MICHAEL S. TOSTI ("Tosti"); CITY OF SANTA ROSA POLICE OFFICER DAVID LINSCOMB ("Linscomb"); CITY OF SANTA ROSA POLICE OFFICER DAVID JONES ("Jones"); CITY OF SANTA ROSA POLICE OFFICER MICHAEL CHAD HEISER ("Heiser"); CITY OF SANTA ROSA POLICE OFFICER CHRISTOPHER PARMAN ("Parman"); CITY OF SANTA ROSA POLICE OFFICER MARCUS R. SPRAGUE ("Sprague"); CITY OF SANTA ROSA POLICE OFFICER DAVID ALBRITTON ("Albritton"); CITY OF SANTA ROSA POLICE OFFICER MATTHEW TOMLIN ("Tomlin");     CITY OF SANTA ROSA POLICE OFFICER NOAH CADE ("Cade"); CITY OF  OF SANTA ROSA POLICE OFFICER KOHUT sued as DOE 1 individually and in his official capacity ("Kohut"); CITY OF SANTA ROSA POLICE OFFICER GARY NEGRI, sued as DOE 2 individually and in his official

capacity ("Negri"); CITY OF SANTA ROSA POLICE OFFICER BARR, sued as DOE 3 individually and in his official capacity ("Barr"); is and at all times material herein were, police officers employed by the City and operating in said capacity in the jurisdiction of the City (also collectively referred to as the "Defendant Police Officers").

12. All the personal individuals named in this suit are sued both in their official capacity and individually.

13. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 3 and DOES 3 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants is responsible in some manner for the occurences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

# FACTS COMMON TO ALL CLAIMS

14. Plaintiffs Raman Patel, Brijesh Daji, Rita Patel and Prita Patel are of racial and national Asian-Indian origin commonly known in the Asian-Indian community as Gujarati.

15. At all times material herein, defendants, and each of them, were aware of plaintiffs Raman Patel, Rita Patel and Prita Patels' racial and national Asian-Indian origin.

16. Beginning in 2005, defendants, and each of them, conspired and formed a systematic policy to close the motel and drive plaintiffs out of business and out of the City.

17. Defendants, and each of them, claimed falsely that the motel was operating as a haven for prostitution and drugs with the knowledge, encouragement and consent of plaintiffs Raman Patel, Jas 4, Rita Patel, David Stafford and Prita Patel.

18. In furtherance of the systematic policy to drive the motel and plaintiffs out of business and out of the City, during 2005, the defendant police officers have continuously conducted surveillance of the motel and come onto the motel and inspected rooms without plaintiffs consent, knowledge or prior notice.

19. On October 25, 2006, Peirisol and Fraga, who are detectives, procured a search warrant to search the residences of plaintiffs Raman Patel, Rita Patel and David

7

Stafford.

20.  The warrant was procured by way of false and perjured testimony presented to the state court judge that plaintiffs were engaging in felonious activity with respect to the operation of the motel. There was no probable cause for the procurement or subsequent execution of the search warrant.

21.  Later that day on October 25, 2005, at approximately 4:45 p.m., Peirsol, Fraga accompanied with Kohut, Negri, Barr and other City police officers of the City Swat Team, in execution of the search warrant went to the personal residence of plaintiffs Rita Patel and David Stafford.

22.  Plaintiffs Rita Patel and David Stafford were not at their residence at such time and plaintiffs Prita Patel and Brian Bales were at their residence along with their then six (6) week old baby working in Rita Patel's office which is located at the bottom level of the tri-level residence.

23.  Said defendants began to loudly bang on the door and plaintiff Brian Bales answered the door after looking through a window and observing Swat Team police officers outside with a hugh metal rod ready to break open the front door.

24.  When Plaintiff Brian Bales answered and opened the door, he was pushed by an undercover police officer and faced against a wall located next to the guest

8

bathroom.

25.   When Plaintiff Prita Patel heard the commotion upstairs, she started walking up the stairs with her baby that she was in the middle of nursing.

26.   At such time as she was walking up the stairs, plaintiff Prita Patel could hear her husband saying, "[p]lease do not do anything to my wife; she is down statirs with my 6 week old baby."

27.   As plaintiff Prita Patel reached the top of the stairs, she was terrified as she observed her husband handcuffed against a wall with police officers pointing guns to his head.

28.   Plaintiff Brian Bales inquired of the defendants why they were at the residence and was informed that they had procured a search warrant.

29.   Plaintiff Brian Bales requested a copy of the warrant and was refused with one officer indicating that they did not need to give him a copy of the warrant.

30.   At such time, the defendants, and each of them, while plaintiff Brian Bales was still handcuffed, conducted approximately a search for 50 minutes of the entire residence with several officers searching with guns up right; and searched the whole residence, including all the rooms, garage, wine cellar, storage room and plaintiff Rita Patel's office where she conducts her insurance busuiness.

31.    After conducting the search and illegally seizing items, the defendants, separated plaintiffs into two (2) rooms, taking plaintiff Brian Bales into the master bedroom and plaintiff Prita Patel and the baby into a spare bedroom located on the west side of the residence.

32.    Defendant Perirsol questioned plaintiff Prita Patel without advising or informing her of her Miranda rights; questioning her as to whether she knew why said defendants were at the residence and about the operation of the motel.

33.    Plaintiff Brian Bales was questioned by Peirsol and Fraga without advising or informing him of his Miranda rights; questioning him as to whether he knew why said defendants were at the residence and about the operation of the motel.

34.    After Peirsol and Fraga stopped questioning plaintiff Brian Bales, they brought him out to the front room where plaintiff Prita Patel and her baby were then sitting.

35.    At that point, the defendants searched plaintiff Prita Patel's purse without her consent or authorization in the warrant and asked plaintiff Brian Bales for his wallet.

36.    The defendants asked plaintiffs Prita Patel and Brian Bales where they resided, and were informed by them that they resided down the street.

37.   Defendant Fraga then expressed suprise that they did not procure a search warrant for the residence of plaintiffs' Prita Patel and Brian Bales, and threatened that if they were not permitted to conduct a search of their residence immediately and were forced to procure a warrant, "[i]fe we do that [procure a warrant], we will be doing the same thing that we are doing at their house."

38.   Plaintiffs Prita Patel and Brian Bales did not voluntarily consent to the immediate search of their residence but do their being terrified of the events as described above, and based on their immediate concerns for the safety of their baby, did not specifically object to the immediate warrantless search of their residence.

39.   Shortly therafter, in the early evening of October 25, 2005, defendants conducted a warrantless and illegal search, without voluntary consent, of plaintiffs Prita Patel and Brian Bales' residence, with plaintiff Brian Bales accompanying them, illegally seizing items from the residence, and with plaintiff Prita Patel remaining with defendant Fraga and some other officers in her sister and brother-in-law's residence and threatening her with breaking the door to residence open if they were not provided with a key to her father's residence.

40.   During the course of the search of plaintiffs Prita Patel and Brian Bales' residence, defendants made suggestive remarks to plaintiff Brian Bales that were threatening in nature.

11

41.    After the search of plaintiffs Prita Patel and Brian Bales' residence was completed, plaintiff Brian Bales was brought back to his sister-in-law and brother-in-law's residence and plaintiffs Prita Patel and Brian Bales were threatened, over Brian Bales specific objection that he could not provide a key to his father-in-law's residence without his permission, that if they did not provide the key to plaintiff Raman Patel's residence, the defendants would break the door open.

42.    At that point, once again plaintiffs being terrified of the events as described above, without voluntary consent provided the key to plaintiff Raman Patel's residence.

43.    Shortly therafter, in the evening of October 25, 2006, defendants conducted an illegal and non-consenting search of plaintiff Raman Patel's residence.

44.    The search of plaintiff Raman Patel's residence was illegally conducted outside the scope of the warrant as the warrant specified that the search could only be conducted during the day and did authorize a night search.

45.    The search of plaintiff Raman Patel's residence was illegally conducted outside the scope of the warrant as defendants seized items not authorized to be seized in the warrant not pertaining or relevant to the

investigation of the operation of the motel.

46.    While defendants were searching plaintiff Raman Patel's residence, plaintiff Prita Patel and Brian Bales remained at her sister and brother-in-law's residence in the custody of other defendant police officers.

47.    During said time, said defendants without authorization or permission began using the residence for their personal convenience such as turning the television on to watch the World Series; threatened her that she and her family was involved in committing a white collar crime; questioned her about her personal life and made obscene remarks about family members; and made comments that they observed during the course of the search that the family had paid a retainer to a well known criminal defense attorney in town, named L. Steven Turer, and that they disliked Turer and would not subsequently speak to him if contacted by him on behalf of the family.

48.    Subsequently the same evening, defendants, with Peirisol, conducted a further illegal and non-consenting search of plaintiffs Rita Patel and David Stafford's residence, illegally conducting the search outside the scope of the warrant as defendants seizing items not authorized to be seized in the warrant not pertaining or relevant to the investigation of the operation of the motel such as plaintiff Rita Patel's insurance business computer hard drives that

13

included her valuable and private insurance business records and other business documents belonging to Rita Patel's insurance business and David Stafford's construction business; entered plaintiffs Rita Patel and David Stafford's bedroom and seized a safe, over the specific objection of Prita Patel who informed defendants Peirisol and Praga that it contained valuable jewlerly that belonged to Rita Patel and her as a heirloom and memory of her late mother who passed away several years ago; and seized her 17 year old minor brother Brijesh Daji's personal bank statements.

49. After the above described illegal search and seizure conducted on October 25, 2006, plaintiffs Raman Patel, individually and as trustee of the family trust and as guardian of Brijesh Daji, Rita Patel, David Stafford, Prita Patel and Brian Bales requested that the defendants return the illegally seized items which was complied with.

50. The motel was closed in 2005 and still does not operate and subsequently, but subsequently the defendant City initiated a red-light abatement action against plaintiffs Raman Patel, Jas 4, Rita Patel, David Stafford and Prita Patel under California Penal Code section 11225, et seq. in the Santa Rosa Superior Court (the "State Court Action") seeking closure of the motel even though the motel had been closed prior to the initiation of the action.

14

51.    In initiating the state court action and seeking a preliminary injunction, the defendant City procured and submitted false and perjured testimony from defendants Henry, Goldschlag, Gorman, Marcini, Tosti, Linscomb, Jones, Heiser, Yaeger, Parman, Sprague, Albritton, Tomlin and Cade regarding said plaintiffs and the operation of the motel.

52.    Subsequent to the filing and prosecution of the state court action, on February 1, 2006, a meeting took place at City Hall with plaintiffs Raman Patel, Rita Patel, David Stafford, Prita Patel, Attorneys L. Steven Turer and Chris Andrian, Mayor Bender, Councilmember Condron, members of the City Attorney's office, Peirisol and Negri.

53.    During the course of the meeting, Mayor Bender, Councilmember Condron and a city attorney made racial remarks and personally insensitive remarks against plaintiffs Raman Patel and Rita Patel and the family.

54.    On information and belief, in defendants conspiring and taking the actions above, defendants, and each of them, did so with the pretextual intent of closing the motel and transferring it to a private developer without the legitimate exercise of the City's police powers and drive plaintiffs out of business and out of the City.

55.    In defendants conspiring and taking the actions above, defendants, and each of them, have not taken similar actions against similarly situated individuals and businesses and said actions were (1) not objectively

15

reasonable; or (2) pretextual in nature even if objectively reasonable; and (3) also done with impermissible racially discrimmatory motives and objectives.

57.    In defendants conspiring and taking the actions above, defendants, and each of them, have also maliciously caused to published false news reports about plaintiffs' alleged illegal activity at the motel.

58.    In defendants conspiring and taking the actions above, defendants, and each of them, have caused plaintiffs great personal, emotional and economic damages to themselves and their respective businesses, including negatively affecting their long standing well respected status in the City among their friends, clients and residents.

Based on the above facts, plaintiff alleges the following claims:

FIRST CLAIM FOR RELIEF

(Violation of Civil Rights Under 42 U.S.C.

Section 1983 by Plaintiffs Against All Defendants)

59.    Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 58, and all its subparts, inclusive, as set forth hereinabove.

60.    Plaintiffs are informed and belief, and based upon such information and belief allege, that in doing all of

the things herein mentioned, defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Santa Rosa and the State of California for purposes of "state action" under 42 U.S.C. Section 1983.

61. Plaintiffs are further informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-50 above, defendants, and each of them, violated the constitutional and civil rights of plaintiffs, in particular their rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and under the the procedural and substantive components of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.

62. Defendant City in engaging in the above-described conduct, acted according to official policy, custom and practice of the City. Any defendants sued individually are not entitled to qualified or legislative immunity.

63. As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe personal, emotional and economic damages to their reputations and their respective businesses and motel property. Plaintiffs are informed and believe, and based upon such information and belief allege, that the damages

17

they have suffered and continue to incur will be according to proof at trial but not less than $10,000,000.00 each, recoverable against each defendant, and that they

are also entitled to declaratory and injunctive relief and punitive damages against the individual defendants and to their reasonable attorneys fees under 42 U.S.C. section 1988.

### SECOND CLAIM FOR RELIEF

(Violation of Civil Rights Under 42 U.S.C.

Section 1981 by Plaintiffs Against All

Defendants)

64.    Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 63, and all its subparts, inclusive, as set forth hereinabove.

65.    Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, defendants, and each of them, violated plaintiffs' rights as codified under 42 U.S.C. Section 1981, intentionally discriminating against them under the statute based upon his racial and national origin.

66.    Any defendants sued individually are not entitled to qualified or legislative immunity.

67.    As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe personal,

18

emotional and economic damages to their reputations and their respective businesses and motel property. Plaintiffs are informed and believe, and based upon such information and belief allege, that the damages they have suffered and continue to incur will be according to proof at trial but not less than $10,000,000.00 each, recoverable against each defendant, and that they are also entitled to declaratory and injunctive relief and punitive damages against the individual defendants and to their reasonable attorneys fees under 42 U.S.C. section 1988.

### THIRD CLAIM FOR RELIEF

(Violation of Civil Rights Under 42 U.S.C.
Section 1982 by Plaintiffs Raman Patel,
Brijesh Daji, Jas.4, Rita Patel and Prita
Patel Against All Defendants)

68.     Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 67, and all its subparts, inclusive, as set forth hereinabove.

69.     Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, defendants, and each of them, violated plaintiffs' rights as codified under 42 U.S.C. Section 1982, intentionally discriminating against him in the operation of their motel under the guarantees of said statute based upon their racial and national origin.

70. Any defendants sued individually are not entitled to qualified or legislative immunity.

71. As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe personal, emotional and economic damages to their reputations and their respective businesses and motel property. Plaintiffs are informed and believe, and based upon such information and belief allege, that the damages they have suffered and continue to incur will be according to proof at trial but not less than $10,000,000.00 each, recoverable against each defendant, and that they are also entitled to declaratory and injunctive relief and punitive damages against the individual defendants and to their reasonable attorneys fees under 42 U.S.C. section 1988.

### FOURTH CLAIM FOR RELIEF

(Violation of Civil Rights Under 42 U.S.C.

Section 1985(3) by Plaintiffs Against All Defendants)

72. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 71, and all its subparts, inclusive, as set forth hereinabove.

73. Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of

20

the things herein mentioned, defendants, and each of them, violated plaintiffs' rights as codified under 42 U.S.C. Section 1985(3) intentionally discriminating against them under the guarantees of said statute based upon their racial and national origin.

74. Any defendants sued individually are not entitled to qualified or legislative immunity.

75. As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe personal, emotional and economic damages to their reputations and their respective businesses and motel property. Plaintiffs are informed and believe, and based upon such information and belief allege, that the damages they have suffered and continue to incur will be according to proof at trial but not less than $10,000,000.00 each, recoverable against each defendant, and that they are also entitled to declaratory and injunctive relief and punitive damages against the individual defendants and to their reasonable attorneys fees under 42 U.S.C. section 1988.

///

///

## FIFTH CLAIM FOR RELIEF

### (Violation of RICO Under 18 U.S.C. Section 1964(c)
### by Plaintiffs Against All Defendants)

76. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 75, and all its subparts, inclusive, as set forth hereinabove.

77. The actions of defendants, and each of them, as indicated in the previous claims for relief were also done in violation of the Rackteer Influewnced and Corrupt Organizations Act ("RICO") codified at 18 U.S.C. Sections 1961(1), 1962 and 1964(c) which allows a civil claim for injury to business or property by reason of violation of the statute by enterprises engaging in "racketeering activity".

78. Any defendants sued individually are not entitled to qualified or legislative immunity.

79. As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer concrete financial losses. Plaintiffs are informed and believe, and based upon such information and belief allege, that the damages they have suffered and continue to incur will be according to proof at trial but not less than $5,000,000.00 each, recoverable against each defendant, and that they are also entitled to punitive damages against the individual defendants and to their reasonable attorneys fees under RICO.

22

WHEREFORE, Plaintiffs, and each of them, pray judgment against Defendants, and each of them, as follows:

FIRST CLAIM FOR RELIEF

1.    For damages according to proof at trial but not less than $10,000,000.00;

2.    For declaratory and injunctive relief;

3.    For punitive damages against the individual defendants

4.    For attorney's fees pursuant to 42 U.S.C. Section 1988;

SECOND CLAIM FOR RELIEF

5.    For damages according to proof at trial but not less than $10,000,000.00;

6.    For declaratory and injunctive relief;

7.    For punitive damages against the individual defendants;

8.    For attorney's fees pursuant to 42 U.S.C. Section 1988;

THIRD CLAIM FOR RELIEF

9.    For damages according to proof at trial but not less than $10,000,000.00;

10.    For declaratory and injunctive relief;

11.    For punitive damages against the individual defendants;

12.    For attorney's fees pursuant to 42 U.S.C. Section 1988;

23

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: May 11, 2006                    LAW OFFICES OF FRANK A. WEISER

By: _Frank A. Weiser_
FRANK A. WEISER, Attorney for Plaintiffs RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, and as General Partner of the JAS 4 RAY PROPERTIES, L.P.; RITA PATEL, DAVID STAFFORD, individually and as guardian of BRIJESH R. DAJI; PRITA PATEL; BRIAN BALES

25