BRIEN J. FARRELL, City Attorney (SBN 088318)
MICHAEL J. CASEY, Assistant City Attorney (SBN 095730)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
P. O. Box 1678
Santa Rosa, California 95402
Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorneys for the City of Santa Rosa

ENDORSED FILED

FEB -9 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SONOMA

CITY OF SANTA ROSA,

    Plaintiff,

v.

RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, JAS 4 RAY PROPERTIES, L.P., RITA PATEL, DAVID STAFFORD, PRITA PATEL and DOES 3-20,

    Defendants.

Case No. SCV-237667

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Date: February 20, 2007
Time: 8:30 a.m.
Courtroom: 18
Judge: Hon. Knoel Owen
Trial Date: March 2, 2007

I.

### Defendant's Opposition Is Late

All papers opposing a motion must be filed and served at least 9 court days before the hearing.[1] Defendants' opposition was due on February 5, 2007, as February 12 and 19 are court holidays.[2]

Defendants faxed their opposition to plaintiff on February 6, 2007. Plaintiff has never agreed, nor is there any written confirmation of such an agreement, to accept service by fax.

---

[1] *Code of Civil Procedure* §1005(b).

[2] Sonoma Superior Court website - Judicial Holidays in 2007.

Reply Brief    1

1  *Code of Civil Procedure* § 1013(e) expressly provides that service by fax **shall be permitted
2  only** by agreement with written confirmation. Plaintiff did not get served with mailed opposition
3  until February 7, 2007.
4      Defendants have continually filed opposing papers late, and by fax without any
5  agreement. Plaintiff objects to their untimely opposition and requests that it be stricken.

## II.

### Defendants Have Not Shown Prejudice

8      Defendants conclude that the proposed amendment would "seriously prejudice" their
9  position at trial without offering any specifics of the prejudice. Similarly, defendants
10 disingenuously refer to "statements" of plaintiff's counsel without reference to any specifics
11 either orally or in writing. That is because there are none.
12     Defendants engaged in **no** discovery after they retained Mr. Weiser. Mr. Weiser never
13 initiated interrogatories, requests for documents, nor did he notice any depositions. On the other
14 hand, defendants continually failed to provide discovery responses subjecting themselves to three
15 separate orders to compel including sanctions. And they still have not complied.
16     How defendants procedurally respond to the amended complaint is irrelevant to the issue
17 at hand. As noted in the moving papers, it is immaterial that a new legal theory is introduced, as
18 long as it relates to the same general set of facts.[3] Secondly, a new legal theory that makes
19 admissible evidence damaging is not prejudicial.[4]

20     Contrary to defendants' assertions, an explanation has been given as to why the request is
21 being made at this date. Defendants' managers testified under an immunity order shortly before
22 the first trial call. The managers both laid out the business practices of the defendants, the
23 defendants' instructions to them, and the defendants' involvement in the operation of the motel.
24     Plaintiff could not have made the request earlier as consent was not obtained from the
25 District Attorney's Office until January 10, 2007. And this consent is required for the City of

---

[3] *Atkinson v. Elk Corp.* (2003) 109 Cal. App. 4th 739, 761; *Kittredge Sports Co. v. Superior Court* (1989) 213 Cal. App. 3d 1045, 1048.

[4] *Hirsa v. Superior Court* (1981) 118 Cal. App. 3d 486, 490.

Reply Brief                    2

1 Santa Rosa.[5]

In sum, there is a liberal policy of granting amendments at any time before or after the commencement of trial. Where no prejudice is shown by the defendants, it is an abuse of discretion to refuse an amendment.[6] There is no unfair surprise to defendants. Their attorney cross-examined their former employees whose testimony forms the basis of plaintiff's request. Even "unreasonable delay", which is not present here, is not a reason to deny the amendment.

Finally, defendants raise a technicality concerning whether the City or the People should bring the amendment. Plaintiff will simply request that the People of the State of California be named as an additional plaintiff as part of this request. Amendments concerning the name of the plaintiff also fall within the liberal discretion of the courts.[7] The California Supreme Court has recently noted that amendments concerning real parties in interest as plaintiffs are liberally allowed.[8]

## III.

### Conclusion

Plaintiff respectfully requests that its motion be granted. Judicial policy favors that all disputed matters be resolved in the same lawsuit. The new legal theory relates to the same "general set of facts" that have been at issue since the complaint was filed. There are no new witnesses nor any additional discovery required.

\\
\\
\\

---

[5] See *Business & Professions Code* Sections 17203, 17204, 17206(a).

[6] *Mesler v. Bragg Management Co.* (1985) 39 Cal. 3d 290, 297; *Honig v. Financial Corp. of America* (1992) 6 Cal. App. 4th 960, 967.

[7] Code of Civil Procedure §473; *Klopstock v. Superior Court* (1941) 17 Cal. 2d 13, 19; *Alvez v. Toprahanian* (1940) 39 Cal. App. 2d 126, 130-131; *Olson v. Lockheed Aircraft Corp.* (1965) 237 Cal. App. 2d 737, 740-741.

[8] *Brannick v. Downey Savings & Loan Ass'n* (2006) 39 Cal. 4th 235, 243.

Reply Brief                3

1   Defendants' objections, besides being specious, are merely a smoke screen to avoid the
2  penalty provisions in a 17200 case.

4  Dated: February 9, 2007

MICHAEL J. CASEY
Assistant City Attorney
Attorney for the City of Santa Rosa

Reply Brief                                     4

## PROOF OF SERVICE

(CCP 1013a, 2015.5; CRC 2008)

I am employed in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is Santa Rosa City Attorney's Office, City Hall, 100 Santa Rosa Avenue, Room 9, Santa Rosa, California.

On February 9, 2007, I served the attached: **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**, on the following parties to this action by placing a true copy therein in a sealed envelope, addressed as follows:

Frank A. Weiser, Esq.
Law Offices of Frank A. Weiser
3460 Wilshire Boulevard, Suite 903
Los Angeles, CA 90010

[ ] (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of the Santa Rosa City Attorney's Office for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

[X] (BY OVERNIGHT DELIVERY) I deposited such sealed envelope in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the addressee(s) noted above.

[ ] (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the addressee(s) noted above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on February 9, 2007, at Santa Rosa, California.

*L.A. Smith*
L.A. Smith

ENDORSED
FILED

FEB -9 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

BRIEN J. FARRELL, City Attorney (SBN 088318)
MICHAEL J. CASEY, Assistant City Attorney (SBN 095730)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
P. O. Box 1678
Santa Rosa, California 95402
Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorneys for the City of Santa Rosa

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SONOMA

CITY OF SANTA ROSA,

Plaintiff,

v.

RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, JAS 4 RAY PROPERTIES, L.P., RITA PATEL, DAVID STAFFORD, PRITA PATEL and DOES 3-20,

Defendants.

Case No. SCV-237667

REPLY DECLARATION OF MICHAEL J. CASEY IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

(Unlimited Civil Case)

Date: February 20, 2007
Time: 8:30 a.m.
Courtroom: 18
Judge: Hon. Knoel Owen
Trial Date: March 2, 2007

I, Michael J. Casey, declare:

1. I am employed as an Assistant City Attorney for the City of Santa Rosa and represent the plaintiff in this case. I am licensed to practice law before all courts of the State of California.

2. I have not agreed, in this case, to accept service by fax. Nor is there any written confirmation to confirm any such agreement.

3. Mr. Weiser's characterization that "Mr. Casey has always responded that he believed the Red Light Abatement Act was sufficient for a court to impose penalties over and

above the $25,000 penalty" is false. And it is wholly irrelevant to the issue at hand.

4. Mr. Weiser refers to his "discovery plan" in paragraph 4 of his declaration. Since he became involved in this case, he has not propounded any discovery nor has he noticed any depositions. On the other hand, I have had to file three different motions to compel against defendants for their refusal to provide discovery responses. In each matter, the court compelled responses and sanctioned the defendants. They still have not fully complied, nor have they ever paid the sanctions despite Abstracts of Judgments being recorded.

5. As I mentioned before, the basis of this request is the testimony of the defendants' former employees who testified under a grant of immunity about a week before the trial. They testified as to the business operations of the motel, the defendants' instructions and conduct of the motel. Generally, this testimony contradicted the defendants' deposition testimony which had been taken earlier.

6. Defendants have not articulated any specific prejudice they will suffer other than a general conclusion of "severe prejudice." Nor have they offered any valid explanation as to why they conducted no discovery before, yet will require discovery now, when the same general facts remain.

7. This motion was brought after the District Attorney's Office gave consent on January 10, 2007. Counsel's "objections" in his declaration are irrelevant to the inquiry as to whether the amendment should be granted.

8. Attached is a First Amended Complaint which simply adds the People of the State of California as a plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9 day of February, 2007, in Santa Rosa, California.

MICHAEL J. CASEY
Assistant City Attorney
Attorney for Plaintiff
City of Santa Rosa

## PROOF OF SERVICE

(CCP 1013a, 2015.5; CRC 2008)

I am employed in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is Santa Rosa City Attorney's Office, City Hall, 100 Santa Rosa Avenue, Room 9, Santa Rosa, California.

On February 9, 2007, I served the attached: **REPLY DECLARATION OF MICHAEL J. CASEY IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**, on the following parties to this action by placing a true copy therein in a sealed envelope, addressed as follows:

Frank A. Weiser, Esq.
Law Offices of Frank A. Weiser
3460 Wilshire Boulevard, Suite 903
Los Angeles, CA 90010

[ ] (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of the Santa Rosa City Attorney's Office for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

[X] (BY OVERNIGHT DELIVERY) I deposited such sealed envelope in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the addressee(s) noted above.

[ ] (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the addressee(s) noted above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on February 9, 2007, at Santa Rosa, California.

*L.A. Smith*
L.A. Smith

BRIEN J. FARRELL, City Attorney (SBN 088318)
MICHAEL J. CASEY, Assistant City Attorney (SBN 095730)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
P. O. Box 1678
Santa Rosa, California 95402

Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorneys for Plaintiff City of Santa Rosa and
People of the State of California

ENDORSED

FEB 22 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SONOMA

| | |
|---|---|
| CITY OF SANTA ROSA, PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiffs,<br>v.<br><br>RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, JAS 4 RAY PROPERTIES, L.P., RITA PATEL, DAVID STAFFORD, PRITA PATEL and DOES 3-20,<br><br>Defendants. | Case No. SCV-237667<br><br>[PROPOSED] FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF UNDER RED LIGHT ABATEMENT LAW AND ABATEMENT OF NUISANCE; UNLAWFUL BUSINESS PRACTICES<br><br>(Unlimited Civil Case)<br><br>[Penal Code § 11225 et. seq.; C.C.P. § 731; Business and Professions Code §17200 et. seq.] |

The CITY OF SANTA ROSA, a municipal corporation and charter city, and the PEOPLE OF THE STATE OF CALIFORNIA, as plaintiffs, allege:

**Preliminary Allegations**

1. The City of Santa Rosa (the City) is a municipal corporation and a charter city organized under California law.

2. DOES 1-20 are fictitious defendants as their names and capacities are unknown. This complaint will be amended accordingly when their names and capacities are ascertained.

First Amended Complaint for Injunctive Relief          1

3. The owners of the real property located at 2400 Santa Rosa Avenue, Santa Rosa, California, are listed in the County Assessor's records as Raman D. Patel, as Trustee of the Raman D. and Jashu R. Patel Residual Trust and Raman D. Patel, as trustee of the Raman D. and Jashu R. Patel Survivors Trust. This property is described as APN 044-041-060 and the legal description is attached as Exhibit 1. It is commonly known and referred to as the Llano Motel.

4. Allegations of any act of defendants also mean and include their officers, agents, managers, representatives, employees or Does 1 through 20. And these allegations mean that these acts were done and authorized while actively engaged in the operation, management, direction or control of the affairs of the defendants and within their course and scope of duties.

5. Defendants own and operate the Llano Motel, which has a reputation of being a place of prostitution. Prostitutes, and their pimps, use rooms at this motel where they engage in acts of prostitution. They also use the motel premises to make arrangements for prostitution activities both at the motel and elsewhere in the city. Along with these illegal activities, other criminal enterprises, including illegal narcotics trafficking, take place at and through the Llano Motel.

### FIRST CAUSE OF ACTION

### Abatement of a Public Nuisance

**(Penal Code § 11225 et. seq., Code of Civil Procedure § 731, Civil Code §§ 3479, 3480)**

6. This action is brought under Penal Code § 11226, Code of Civil Procedure Section 731 and Santa Rosa City Code § 1-28.010(B). All of these provisions authorize the City Attorney to bring this action.

7. Defendants have caused, maintained, and permitted a continuing public nuisance on their property at 2400 Santa Rosa Avenue. They own and operate a building on this property that is used for the purpose of prostitution. And they own and operate a place, at this location, upon which acts of prostitution occur. For example,

    a) <u>May 7, 2005</u>: Two prostitutes were contacted by the police at the Llano Motel. Both admit that they had been arrested on prostitution charges in

First Amended Complaint for Injunctive Relief      2

several counties, and both are on probation. They also admit they had been staying at the motel for several days and had earned approximately $1,300. Both prostitutes were arrested for Penal Code § 653.22(a) - loitering with the intent to commit prostitution. The arresting officer noted, in his report, that the Llano Motel is frequently used by prostitutes from out of the area. And he reported that the motel is referenced on internet sites as the best place in Santa Rosa for out of the area prostitutes to stay and work.

  b) <u>May 19, 2005</u>: A John (male customer of a prostitute) tells police that he picked up a prostitute hanging out in front of the Llano Motel. He admits he drove into the motel parking lot because he had prior contacts with prostitutes there. On this date, the John met the prostitute and she offered oral sex for $40. The John admitted to meeting prostitutes at the Llano Motel three times. On two of these occasions, they used the motel rooms.

  c) <u>May 31, 2005</u>: An undercover officer pulled into the Llano Motel parking lot. After he got out of his car, a woman walked out from one of the rooms and told him the charge was $100. When the officer told her he only had $20, he asked how much she would charge for a "half and half". She responded that it would cost him $80 and that they could use her motel room.

  d) <u>June 30, 2005</u>: The police arrest a pimp at the Llano Motel for forcing a 19-year old girl to perform acts of prostitution at the motel. The victim had been forced to prostitute herself with six different men during the evening before. The pimp and the victim, as well as another prostitute, were staying at the Llano Motel, where the forced acts took place.

  e) <u>August 21, 2005</u>: Police investigate an assault and robbery at the Llano Motel. After a John had sex with a prostitute in one of the motel rooms, he was beaten and robbed.

First Amended Complaint for Injunctive Relief      3

      f)    October 22, 2005: A John was contacted by the police after he left the motel. He admitted to having oral sex in room #10 for $30. The only reason he went there is because his friends said that the motel was the place to go to get a prostitute.

Several undercover officers were solicited for prostitution. And approximately 10 prostitutes were found using and/or working several rooms at the motel.

The police arrested the co-managers for pimping and running a house of prostitution. They admitted to the officers that the owners of the motel encouraged the renting of rooms to prostitutes. And they admitted that the owners set the prices and "house rules" for the prostitutes. Generally, the room rate is $54.50 daily, for a single person, and $65.00 for two persons. Hookers and pimps are charged approximately $150.00 per girl whether or not they share a room. One of the managers admitted to the police that the majority of the motel's business is from prostitutes.

8. Defendants' maintenance of their property in this condition is a continuing public nuisance as defined in Civil Code §§ 3479 and 3480. And it constitutes a public nuisance under the Red Light Abatement Law contained in Penal Code § 11225 et. seq. Their property affects the entire community and neighborhood. Its current condition is injurious to health, offensive to the senses, and unlawfully obstructs the free use of the property and neighboring properties by interfering with the comfortable enjoyment of life and property. This condition is objectionable to the neighborhood and the community at large. And this condition renders the property a "nuisance per se."

9. Plaintiffs believe that the defendants will continue to permit this illegal activity and nuisance to occur. This will continue to cause irreparable injury and harm to the public's health, safety and welfare.

10. Plaintiffs have no adequate remedy at law.

11. Plaintiffs believe that defendants will not abate or remove the nuisance within a

First Amended Complaint for Injunctive Relief    4

reasonable period of time. If it becomes necessary for the plaintiffs to abate the nuisance, substantial costs will be incurred. Therefore, plaintiffs request recovery of their costs to abate and remove the nuisance and establish a prior lien on the property for these costs.

## SECOND CAUSE OF ACTION

### Unlawful Business Practices

#### (Business and Professions Code §17200, et seq.)

12. Plaintiffs incorporate by reference Paragraphs 1 through 10 as though fully set forth herein.

13. Defendants' maintenance of their property, and the operation of their motel in the above-described condition, was an integral part of their unlawful and unfair business practice. This practice consisted of, among other things, permitting and encouraging prostitution, acts of prostitution and solicitation of prostitution on their business premises. This practice also consisted of charging and collecting higher room rates from prostitutes and/or their pimps than what was charged and collected from regular customers. Consequently, defendants gained an unfair business advantage over similarly situated business operators and unfairly and illegally profited from the criminal activity they permitted to occur on their business premises.

14. Plaintiffs believe that the defendants' actions violate, inter alia, *California Civil Code §3479,* as well as *California Penal Code §§266i:, 266h, 315, 316, 653.22 and 11225,* et. seq.

15. Defendants threaten to, and unless restrained will, continue to engage in these unlawful business practices. In addition to seeking injunctive relief to enjoin these practices and conditions, plaintiffs also request restitution and disgorgement of all profits and earnings made as a result thereof. Furthermore, plaintiffs seek the appointment of a receiver under *Business & Professions Code §17203.*

16. Finally, plaintiffs request that a civil penalty of $2,500 be imposed against each defendant for each underlying predicate act or violation of law constituting an unlawful business practice.

WHEREFORE, Plaintiffs pray for judgment as follows:

First Amended Complaint for Injunctive Relief        5

1. That the property, building(s) and place(s) located at 2400 Santa Rosa Avenue, Santa Rosa, California, and the existing conditions thereon, be declared in violation of Penal Code §§ 11225, et. seq., and Civil Code § 3479 et. seq.

2. For a temporary restraining order, preliminary injunction and a permanent injunction to perpetually enjoin the defendants, lessees, agents, successors, heirs, assigns, and subsequent owners, lessees and agents, from directly or indirectly maintaining or permitting the nuisance and from conducting unfair business practices.

3. That defendants' property, including all buildings upon it, at 2400 Santa Rosa Avenue, Santa Rosa, California be declared a continuing public nuisance.

4. That defendants be perpetually enjoined from maintaining a public nuisance on their property, and that they be ordered to abate all conditions that cause the nuisance.

5. That an order of abatement be entered as part of the judgment in this case directing that all fixtures, musical instruments and moveable property used in conducting, maintaining, aiding, or abetting the nuisance be removed from the buildings at 2400 Santa Rosa Avenue and sold in the manner provided for the sale of chattels under execution.

6. That all buildings on the premises at 2400 Santa Rosa Avenue be closed against use for any purpose, and kept closed for a period of one year. In the alternative, if the court finds that any vacancy resulting from closure may create a nuisance or that closure is otherwise harmful to the community, the court should order the defendants to pay damages in an amount equal to the fair market rental value of the buildings on the premises for one year to the City.

7. For fees and sums incurred for removing and selling the movable property and for closing the premises and keeping them closed.

8. For a civil penalty of $25,000 against each defendant pursuant to Penal Code § 11230(b).

9. That defendants be ordered to disgorge and/or make restitution of all profits gained from their wrongful conduct and their unlawful business practices.

10. For civil penalties under *Business & Professions Code §17206*.

11. That the abstract of judgment in this case constitutes a prior lien over any other

First Amended Complaint for Injunctive Relief        6

1  that may be held on the properties.

2  12. That plaintiffs recover costs of suit from defendants, their successors, heirs and
3  assigns, including attorneys' fees, and expenses for investigation, enforcement and prosecution.

4  13. That a receiver be appointed under Code of Civil Procedure §564 and *Business &*
5  *Professions Code §17203*.

6  14. That plaintiffs are entitled to such other relief as the court deems proper and just.

8  Dated: February __, 2007

    MICHAEL J. CASEY
    Assistant City Attorney
    Attorney for Plaintiff

First Amended Complaint for Injunctive Relief        7

```
 1 │ BRIEN J. FARRELL, City Attorney (SBN 088318)
   │ MICHAEL J. CASEY, Assistant City Attorney (SBN 095730)
 2 │ City of Santa Rosa
   │ 100 Santa Rosa Avenue, Room 8
 3 │ P. O. Box 1678
   │ Santa Rosa, California 95402
 4 │
   │ Telephone:  (707) 543-3040
 5 │ Facsimile:   (707) 543-3055
   │
 6 │ Attorneys for the City of Santa Rosa
```

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SONOMA

| | |
|---|---|
| CITY OF SANTA ROSA, | Case No. SCV- 237667 |
| Plaintiff, | **PROOF OF SERVICE** |
| v. | (C.C.P 1013, 1013A, 2015.5; CRC 2008) |
| RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, JAS 4 RAY PROPERTIES, L.P., RITA PATEL, DAVID STAFFORD, PRITA PATEL and DOES 3-20, | (Unlimited Civil Case) |
| Defendants. | |

I am employed in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is 100 Santa Rosa Avenue, Room 8, Santa Rosa, California.

On February 21, 2007, I served the following:

1. **ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

2. **FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF UNDER RED LIGHT ABATEMENT LAW AND ABATEMENT OF NUISANCE; UNLAWFUL BUSINESS PRACTICES**

3. **PROOF OF SERVICE**

Proof of Service                                1

1 | on the following parties to this action by placing a true copy therein in a sealed envelope,

2 | addressed as follows:

3 | Frank A. Weiser, Esq.
Law Offices of Frank A. Weiser
4 | 3460 Wilshire Boulevard, Suite 903
Los Angeles, CA 90010

5 |

6 | [X]     (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of the Santa Rosa City Attorney's Office for
7 | processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for
8 | processing.

9 | [ ]     (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the addressee(s) noted above .
10 |         I declare under penalty of perjury, under the laws of the State of California, that the

11 | foregoing is true and correct and that this declaration was executed on February 21, 2007, at

12 | Santa Rosa, California.

13 |

14 | __Lynne Smith__           _(signature)_
                              Signature

Proof of Service                           2