FRANK A. WEISER (#89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 903
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)

Attorney for Defendants
RAMAN D. PATEL, individually
and as trustee of the Raman
D. and Jashu R. Patel Family
Trust, Raman D. and Jashu R.
Patel Residual Trust and
Raman D. and Jashu R. Patel
Survivor's Trust, JAS 4
RAY PROPERTIES, L.P., RITA
PATEL, DAVID STAFFORD,
PRITA PATEL

ENDORSED
FILED

FEB 28 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA
L&M TENTATIVE RULINGS are
available after 2:00 p.m. on the court
day prior to the scheduled hearing:
http://www.SonomaSuperiorCourt.com
OR (707) 565-3676

BY FAX

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SONOMA

| | |
|---|---|
| CITY OF SANTA ROSA, | Case No. SCV 237667 |
| Plaintiff, | NOTICE OF DEMURRER AND DEMURRER TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE |
| vs. | |
| RAMAN D. PATEL, et al. | |
| Defendants. | DATE: APR 2 4 2007 TIME: 8:30 a.m. CTRM: 18 |

TO THE PLAINTIFFS CITY OF SANTA ROSA AND THE PEOPLE

OF THE STATE OF CALIFORNIA AND TO THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on 4/24 , 2007, at 8:30

a.m. in Department 18 of the above referenced court located

at 1450 Guernville Road, Santa Rosa, CA the Defendants RAMAN

D. PATEL, individually and as trustee of the Raman

[Demurrer to Complaint]

RECEIVED

MAR - 5 2007

CITY OF SANTA ROSA
CITY ATTORNEY

D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, JAS 4 RAY PROPERTIES, L.P., RITA PATEL, DAVID STAFFORD, PRITA PATEL ("Defendants") will demur to the first amended complaint on the following grounds:

1.    The first amended complaint is barred by the fact that the City of Santa Rosa does not have legal capacity to sue.

2.    The first amended complaint is barred by the fact that the Court has no jurosdiction of the subject of the cause of action alleged in the pleading.

3.    The first amended complaint is barred by the fact that the second cause of action does not state facts sfficient to state a cause of action.

This demurrer is brought pursuant to California Code of Civil Procedure §§ 430.10(a), (b) and (e) .

The demurrer is based on the face of the first amended complaint in the file filed February 21, 2007; the attached memorandum of points and authorities and attached exhibits, and any oral or documentary evidence further introduced at the time of the hearing, including all documents filed in this case of which the Court is requested to take judicial notice pursuant to California Evidence Code

[Demurrer to Complaint]

1  § 452, et seq as supported by the declaration of the

2  defendant.

3  Dated: February 28, 2007                LAW OFFICES OF FRANK
                                           A. WEISER

4                                   By: _____

5                                      FRANK A. WEISER, Attorney
                                       for Defendants and

6                                      Appellants
                                       RAMAN D. PATEL, individually

7                                      and as trustee of the Raman
                                       D. and Jashu R. Patel Family

8                                      Trust, Raman D. and Jashu R.
                                       Patel Residual Trust and

9                                      Raman D. and Jashu R. Patel
                                       Survivor's Trust, JAS 4

10                                     RAY PROPERTIES, L.P., RITA
                                       PATEL, DAVID STAFFORD,

11                                     PRITA PATEL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                            [Demurrer to Complaint]

                                      3

## DECLARATION OF FRANK A. WEISER

I, FRANK A. WEISER, do hereby declare:

1.   I am the attorney for the defendants sued in the above action as and I make this declaration in support of the present demurrer to the first amended complaint and the request for judicial notice of the following known facts.

2.   The LLANO MOTEL, the property subject to this action has been demolished by the CITY OF SANTA ROSA.

3.   The population of the CITY OF SANTA ROSA as indicated by the City Clerk's Office Census is approximately 157,000 people, well under 750,000.

4.   I request that the Court take judicial notice of these known and undisputed facts under California Evidence Code § 452, et seq.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 28th day of February 2007 at Los Angeles, California.

_____
FRANK A. WEISER

[Demurrer to Complaint]

4

I.

## MEMORANDUM OF POINTS AND AUTHORITIES

A.      PLAINTIFF LACKS STANDING TO FILE THIS
        ACTION IN THE NAME OF THE CITY OF
        SANTA ROSA AND THE FIRST AMENDED COMPLAINT
        AS TO THE SECOND CAUSE OF ACTIONS FAILS
        TO STATE FACTS SUFFICIENT TO STATE A CAUSE
        OF ACTION.

California Code of Civil Procedure §367 requires that only a real party in interest has standing to prosecute an action, except as otherwise provided by statute. A party who is not the real party in interest lacks standing to sue. Cloud v. Northrop Grumman Corp. (1998) 67 Cal.App. 4th 995, 1004. "A real party in interest ordinarily is defined as the person possessing the right sued upon by reason of the substantive law." Killian v. Millard (1991) 228 Cal.App.3d 1601, 1605.

California Penal Code §11226 states requires that the City Attorney that files an action to abate an alleged nuisance under the Red Light Abatement Act must be bring the action in the name of the "[P]eople of the State of California," not as plaintiff has done in the name of the City of Santa Rosa.

The issue as to who has proper standing to bring an action of this sort was definitively answered in a case that defendants' counsel litigated before the Second District Court of Appeal, People v. Bhakta (2006) 135 Cal.App.4th 631 [37 Cal.Rptr.3d 652].

[Demurrer to Complaint]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

As the Bhakta opinion held, since California Penal Code §11226 as now amended in 2003 gives the district attorney and city attorney equivalent status in enforcing red light laws, the proper party for standing purposes is the People of the State of California.

Even before Bhakta was decided, the only other plausible reading of California Penal Code §11226 was, as defendants' counsel argued in the Bhakta case, the filing of such an action by a City Attorney in his or her own name, not as here in the name of the City of Santa Rosa. See Bhakta, supra, 37 Cal.Rptr.3d at pp. 656-659.

The Bhakta holding is bolstered by California Code of Civil Procedure §731 which states clearly on its face that an action to abate a nuisance must be brought in the name of the "[P]eople of the State of California," not as plaintiff has done in the name of the City of Santa Rosa also. See Bhakta, supra, 37 Cal.Rptr.3d at p. 657, n. 3.

Similarly, California Business & Professions Code § 17206(a) requires that the second cause of action be filed in the name of the People of the State of California, not as plaintiff has done in the name of the City of Santa Rosa also.

Furthermore, California Business & Professions Code § 17206(a) requires that in an action by a city with a population of less than 750,000, that such an action be filed with the consent of the district attorney of the county where the city is located.

[Demurrer to Complaint]

6

The second cause of action fails to plead that the action is filed under § 17206(a) with the consent of the district attorney of County of Sonoma.

B.     THE COURT LACKS JURISDICTION OVER THE SUBJECT MATTER OF THE ACTION.

The first and second causes of action essentially seek that this Court act as a court of equity to enjoin the LLANO MOTEL, which is termed a "continuing public nuisance." (FAC, page 4, paragraph 8).

Without the property existing any longer, the Court cannot possibly give the plaintiffs equitable relief under California Penal Code §11230(a)(1) or California Business & Professions Code §17203 as requested by the plaintiffs.

The Court simply lacks subject matter jurisdiction over these claims in equity.

///

///

///

///

///

7

1

II.

2

CONCLUSION

3       For all the foregoing reasons, defendants

4  respectfully request that this demurrer to the first amended

5  complaint be sustained without leave to amend.

6  DATED: February 28, 2007          Respectfully submitted,

7                                    LAW OFFICES OF FRANK A.
                                     WEISER
8

9

By:_____
10                                   FRANK A. WEISER, Attorney
                                     for Defendants and
11                                   Appellants
                                     RAMAN D. PATEL, individually
12                                   and as trustee of the Raman
                                     D. and Jashu R. Patel Family
13                                   Trust, Raman D. and Jashu R.
                                     Patel Residual Trust and
14                                   Raman D. and Jashu R. Patel
                                     Survivor's Trust, JAS 4
15                                   RAY PROPERTIES, L.P., RITA
                                     PATEL, DAVID STAFFORD,
16                                   PRITA PATEL

17

18

19

20

21

22

23

24

25

26

27
                        [Demurrer to Complaint]
28

8

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )  ss.
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, am over the age of 18 years, and not a party to the within action. My business address is 3460 Wilshire Boulevard, Suite 903, Los Angeles, California 90010.

On February 28, 2007, I served the document entitled NOTICE OF DEMURRER AND DEMURRER TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES: REQUEST FOR JUDICIAL NOTICE (wth assigned hearing date) and NOTICE OF INFORMAL CONFERENCE AND SANCTIONS (Contested Civil Law and Motion Hearing) on the interested parties in this action by express mailing a true copy thereof addressed as follows:

        Brien J. Farell, City Attorney
        Michael J. Casey, Assistant City Attorney
        City of Santa Rosa
        100 Santa Rosa Avenue, Room 8
        P.O. Box 1678
        Santa Rosa, CA 95402

X     BY U.S. MAIL (Express Mail):   By First Class Mail I deposited such envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

      BY PERSONAL SERVICE:   I caused to be delivered such document by hand to the persons listed as addressed above.

      BY FACSIMILE TRANSMISSION:   I caused to be transmitted to the following party at the telephone number listed above.

X     (STATE)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      (FEDERAL)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

      Executed   on   February   28,   2007,   at   Los   Angeles, California.

                              _____
                              Frank A. Weiser