FRANK A. WEISER (#89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 903
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)

Attorney for Defendants
RAMAN D. PATEL, individually
and as trustee of the Raman
D. and Jashu R. Patel Family
Trust, Raman D. and Jashu R.
Patel Residual Trust and
Raman D. and Jashu R. Patel
Survivor's Trust, JAS 4
RAY PROPERTIES, L.P., RITA
PATEL, DAVID STAFFORD,
PRITA PATEL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SONOMA

| | |
|---|---|
| CITY OF SANTA ROSA, et al.<br><br>Plaintiff,<br><br>vs.<br><br>RAMAN D. PATEL, et al.<br><br>Defendants. | Case No. SCV 237667<br><br>ANSWER TO FIRST AMENDED COMPLAINT |

Defendants, RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, JAS 4 RAY PROPERTIES, L.P., RITA PATEL, DAVID STAFFORD,

[Answer to First Amended Complaint]

PRITA PATEL ("Defendants"), hereby answer the First Amended Complaint ("FAC") on file as follows:

### FIRST CAUSE OF ACTION

1. Deny each and every, all and singular, generally and specifically, each of the allegations in paragraphs 2, 3, 4, 5, 6, 7 a-f, 8, 9 and 10 of the First Cause of Action of the FAC.

2. Admit paragraph 1 of the of the First Cause of Action of the FAC.

### SECOND CAUSE OF ACTION

3. Reincorporate the denials set forth in paragraphs 1 and 2 as to paragraphs 1 through 11, inclusive, of the First Cause of Action for purposes of answering paragraph 12 of the Second Cause of Action and further deny each and every, all and singular, generally and specifically, of the allegations in paragraphs 13, 14, 15 and 16 of the Second Cause of Action of the Complaint of the FAC.

### FIRST AFFIRMATIVE DEFENSE

4. The FAC and each cause of action alleged against the defendants herein, fails to state facts sufficient to constitute a cause of action against the defendant.

### SECOND AFFIRMATIVE DEFENSE

5. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that the City Attorney lacks standing to prosecute this action in the name of the People of the State of California.

[Answer to First Amended Complaint]

### THIRD AFFIRMATIVE DEFENSE

6. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that plaintiff is not the real party in interest under California Code of Civil Procedure section 367.

### FOURTH AFFIRMATIVE DEFENSE

7. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that plaintiff has unclean hands surrounding the attempted abatement of public nuisances in the surrounding community in which defendants' property resides.

### FIFTH AFFIRMATIVE DEFENSE

8. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that plaintiff has filed and is litigating this lawsuit in retaliation of defendants exercising their rights under the First Amendment Petition Clause and Fourteenth Amendment Due Process Clause of the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

9. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that plaintiff has filed and is litigating this lawsuit in violation of defendants' constitutional rights under the Equal Protection Clause of the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

10. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that

[Answer to First Amended Complaint]

plaintiff has filed and is litigating this lawsuit in violation of defendants' constitutional rights under the Fifth Amendment Takings Clause of the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

11. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that plaintiff has filed and is litigating this lawsuit in violation of defendants' constitutional rights under the Fourteenth Amendment Due Process Clause of the United States Constitution.

### NINTH AFFIRMATIVE DEFENSE

12. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that plaintiff has filed and is litigating this lawsuit in violation of defendants' constitutional rights under the Privileges and Immunities Clause of the Fourteenth Amendment of the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE

13. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that plaintiff has filed and is litigating this lawsuit in violation of defendants' constitutional rights under the First Amendment Association Clause of the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

14. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that plaintiff has filed and is litigating this lawsuit in violation of defendants' federal statutory rights under 42 United States Code Section 3604 (the Federal Fair Housing Act).

### TWELFTH AFFIRMATIVE DEFENSE

15. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that plaintiff has filed and is litigating this lawsuit in a state court that presently lacks personal jurisdiction over all necessary and interested parties to the action.

### THIRTEENTH AFFIRMATIVE DEFENSE

16. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that plaintiff has filed and is litigating this lawsuit in a state court that presently lacks subject matter jurisdiction over the action.

### FOURTEENTH AFFIRMATIVE DEFENSE

17. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that plaintiff has filed and is litigating this lawsuit in violation of defendants' constitutional rights under the Fourth Amendment of the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

18. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that this Court lacks jurisdiction in that the plaintiff has failed to exhaust its administrative remedy contained in the City of Santa Rosa Municipal Code before filing this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

19. The FAC and each cause of action alleged against the defendants herein, is barred under the "Exhaustion of Administrative Remedies Doctrine" by the fact that this Court lacks jurisdiction in that the plaintiff has failed to exhaust its administrative remedy contained in the City of Santa Rosa Municipal Code before filing this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

20. The FAC and each cause of action alleged against the defendants herein, is barred under the "Primary Jurisdiction Doctrine" by the fact that the plaintiff has failed to exercise prior resort in its administrative remedy contained in the City of Santa Rosa Municipal Code before filing this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

21. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that California Penal Code section 316 is unconstitutionally vague, violates due process and equal protection of the laws both on its face and as applied to the defendants.

[Answer to First Amended Complaint]

### NINTEENTH AFFIRMATIVE DEFENSE

22. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that California Penal Code section 316 is unconstitutionally vague, violates the Fourth Amendment, due process and equal protection and the right to privact of the laws both on its face and as applied to the defendants and their customers.

### TWENTIETH AFFIRMATIVE DEFENSE

23. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that California Penal Code section 316 violates the California constitutional right to privacy both on its face and as applied to the defendants and their customers.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

24. The Second Cause of Action in the FAC alleged against the defendants herein, is barred by the fact that plaintiff lacks standing to bring this action under said section.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

25. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that defendants have never, and at present are not, operating the motel and property subject to this action as a public nuisance or in violation of California Penal Code section 316, or any other local, state or federal law.

[Answer to First Amended Complaint]

### TWENTY-THIRD AFFIRMATIVE DEFENSE

26. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that the plaintiff in gathering evidence for this action violated the Federal and California constitutional right to due process of law, equal protection of the law and the Fourth Amendment of the United States Constitution and parallel provisions of the California Constitution as applied to the defendants and their customers.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

27. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that California Penal Code section 316 violates the Federal and California constitutional right to equal protection of the law both on its face and as applied to the defendants and their customers.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

28. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that even if a public nuisance existed at the property in question, a fact that defendants deny, defendants have self abated the alleged nuisance prior to the filing of this action.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

29. The FAC and each cause of action alleged against the defendants herein, is barred by the fact that even if a public nuisance existed at the property in

[Answer to First Amended Complaint]

question, a fact that defendants deny, defendants have self abated the alleged nuisance.

**WHEREFORE** answering Defendants pray for judgment against Plaintiff on the Complaint as follows:

1. That the Plaintiff take nothing by way of the complaint;

2. For costs of suit incurred herein;

3. For reasonable attorney fees; and

4. For such other and further relief as the court deems just and proper.

DATED: May 4, 2007

LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for Defendants and Appellants
RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, JAS 4 RAY PROPERTIES, L.P., RITA PATEL, DAVID STAFFORD, PRITA PATEL

[Answer to First Amended Complaint]

PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, am over the age of 18 years, and not a party to the within action. My business address is 3460 Wilshire Boulevard, Suite 903, Los Angeles, California 90010.

On May 4, 2007, I served the document entitled ANSWER TO FIRST AMENDED COMPLAINT on the interested parties in this action by mailing and faxing a true copy thereof addressed as follows:

   Brien J. Farell, City Attorney
   Michael J. Casey, Assistant City Attorney
   City of Santa Rosa
   100 Santa Rosa Avenue, Room 8
   Santa Rosa, CA 95402
   Telefax - (707) 543-3055

 X   BY U.S. MAIL: By First Class Mail I deposited such envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

     BY FEDERAL EXPRESS (Guaranteed Overnight Delivery): I caused to delivered such document to the persons listed as addressed above.

 X   BY FACSIMILE TRANSMISSION: I caused to be transmitted to the following party at the telephone number listed above.

 X   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

     Executed on May 4, 2007, at Los Angeles, California.

                                    _____
                                    Frank A. Weiser