FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 903
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)

Attorney for Defendants and Cross-Complainants RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, and as General Partner of the JAS 4 RAY PROPERTIES, L.P.; RITA PATEL, DAVID STAFFORD, ~~individually and as guardian of BRIJESH R. DAJI;~~ PRITA PATEL; ~~BRIAN BALES~~

ENDORSED FILED
MAY 04 2007
SUPERIOR COURT OF CALIFORNIA COUNTY OF SONOMA

BY FAX

Removed new parties per Mr. Weiser

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SONOMA

RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, and as General Partner of the JAS 4 RAY PROPERTIES, L.P.; RITA PATEL, DAVID STAFFORD, ~~individually and as guardian of BRIJESH R. DAJI,~~ PRITA PATEL; ~~BRIAN BALES~~,

Cross-Complainants,

vs.

CITY OF SANTA ROSA; CITY OF SANTA ROSA POLICE DEPARTMENT; MAYOR JANE BENDER, sued

Case No. SCV-237667

CROSS-COMPLAINT FOR DAMAGES; INJUNCTIVE AND DECLARATORY RELIEF

[Violation of Federal Civil Rights - 42 U.S.C. Sections 1983, 1981, 1982, 1985(3)]

DEMAND FOR JURY TRIAL

individually and in her official capacity; COUNCILMEMBER JANET CONDRON, sued individually and in her official capacity; DETECTIVE THOMA PEIRSOL, sued individually and in his official capacity; DETECTIVE STEVE FRAGA, sued individually and in his official capacity; CITY OF SANTA ROSA POLICE OFFICER GREG YAEGER; CITY OF SANTA ROSA POLICE OFFICER PAUL HENRY; CITY OF SANTA ROSA POLICE OFFICER ERIC GOLDSCHLAG; CITY OF SANTA ROSA POLICE OFFICER DAVID P. GORMAN; CITY OF SANTA ROSA POLICE OFFICER DAVID MARCONI; CITY OF SANTA ROSA POLICE OFFICER MICHAEL S. TOSTI; CITY OF SANTA ROSA POLICE OFFICER DAVID LINSCOMB; CITY OF SANTA ROSA POLICE OFFICER DAVID JONES; CITY OF SANTA ROSA POLICE OFFICER MICHAEL CHAD HEISER; CITY OF SANTA ROSA POLICE OFFICER CHRISTOPHER PARMAN; CITY OF SANTA ROSA POLICE OFFICER MARCUS R. SPRAGUE; CITY OF SANTA ROSA POLICE OFFICER DAVID ALBRITTON; CITY OF SANTA ROSA POLICE OFFICER MATTHEW TOMLIN; CITY OF SANTA ROSA POLICE OFFICER NOAH CADE; CITY OF OF SANTA ROSA POLICE OFFICER KOHUT sued as DOE 1 individually and in his official capacity; CITY OF SANTA ROSA POLICE OFFICER GARY NEGRI, sued as DOE 2 individually and in his official capacity; CITY OF SANTA ROSA POLICE OFFICER BARR, sued as DOE 3 individually and in his official capacity; BRIEN J. FARRELL, sued individually and in his official capacity as City Attorney; MICHAEL J. CASEY, sued individually and in his official capacity as Assistant City Attorney; MICHAEL REYNOLDS, sued individually and in his official capacity; JAKELA, INC.; a California Corporation; DANIEL O. DAVIS, INC., a California )

Corporation; DOES 4 THROUGH 10 INCLUSIVE, )
)
Cross-Defendants. )
)

Cross-Complainants RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, and as General Partner of the JAS 4 RAY PROPERTIES, L.P.; RITA PATEL, DAVID STAFFORD, individually and as guardian of BRIJESH R. DAJI; PRITA PATEL; BRIAN BALES ("Cross-Complainants", or named individually as "Raman Patel," "Brijesh Daji," "Jas 4," "Rita Patel," "David Stafford," "Prita Patel," and "Brian Bales") as a Cross-Complaint and state and allege as follows:

JURISDICTION AND VENUE

1. This action, which arises under the laws and Constitution of the United States, specifically, under the First, Fourth, Fifth and Fourteenth Amendments, and involves violations of federal law actionable pursuant to 42 U.S.C. Sections 1981, 1982, 1983 and 1985(3). This court has concurrent jurisdiction over such federal claims along with any federal court action.

2. Venue is proper in this County is proper in that Cross-Defendant CITY OF SANTA ROSA ("City"), is a public entity in this District; all the individual cross-defendants reside and are employed in this District, and the claims arose in this District.

PARTIES

3. Raman Patel, Brijesh Patel, Jas 4, Rita Patel and Prita Patel were at all times material herein the legal and beneficial owners and operators of the LLANO MOTEL (the "Motel") located at 2400 Santa Rosa Avenue, Santa Rosa, California.

4. Cross-Complainants are long time upstanding and reputable residents of the City.

5. Raman Patel is the father of his son Brijesh Patel, who is a minor, and daughters Rita Patel and Prita Patel.

6. Rita Patel is married to David Stafford and Prita Patel is married to Brian Bales.

7. In addition to owning and operating the motel, Rita Patel is the owner and operator of Rita Patel Insurance Services; David Stafford is a general contractor; and Prita Patel and Brian Bales are insurance agents that all principally operate in the City.

8. Cross-Complainants allege that the Cross-Defendant City is, and and at all times herein mentioned was, a public entity organized under the laws and constitution of the State of California.

9. Cross-Complainants allege that the Cross-Defendant CITY OF SANTA ROSA POLICE DEPARTMENT ("Police Department") is, and and at all times herein mentioned was, a public agency organized under the laws and constitution of

the State of California, principally charged with law enforcement in the City.

10. Cross-Complainants allege that Cross-Defendants MAYOR JANE BENDER, sued individually and in her official capacity ("Bender") and COUNCILMEMBER JANET CONDRON, sued individually and in her official capacity ("Condron"), is and at all times material herein were, elected officials employed by the City and operating in said capacity in the jurisdiction of the City. The actions taken by said officials as described later were not in their legislative capacity.

11. Cross-Complainants allege that Cross-Defendants DETECTIVE THOMAS PEIRISOL, sued individually and in his official capacity ("Peirisol"); DETECTIVE STEVE FRAGA, sued individually and in his official capacity ("Frage"); CITY OF SANTA ROSA POLICE OFFICER GREG YAEGER ("Yaeger"); CITY OF SANTA ROSA POLICE OFFICER PAUL HENRY ("Henry"); CITY OF SANTA ROSA POLICE OFFICER ERIC GOLDSCHLAG ("Goldschlag"); CITY OF SANTA ROSA POLICE OFFICER DAVID P. GORMAN ("Gorman"); CITY OF SANTA ROSA POLICE OFFICER DAVID MARCONI ("Marconi"; CITY OF SANTA ROSA POLICE OFFICER MICHAEL S. TOSTI ("Tosti"); CITY OF SANTA ROSA POLICE OFFICER DAVID LINSCOMB ("Linscomb"); CITY OF SANTA ROSA POLICE OFFICER DAVID JONES ("Jones"); CITY OF SANTA ROSA POLICE OFFICER MICHAEL CHAD HEISER ("Heiser"); CITY OF SANTA ROSA POLICE OFFICER CHRISTOPHER PARMAN ("Parman"); CITY OF SANTA ROSA POLICE OFFICER MARCUS R. SPRAGUE ("Sprague"); CITY OF SANTA ROSA POLICE OFFICER DAVID

ALBRITTON ("Albritton"); CITY OF SANTA ROSA POLICE OFFICER MATTHEW TOMLIN ("Tomlin"); CITY OF SANTA ROSA POLICE OFFICER NOAH CADE ("Cade"); CITY OF OF SANTA ROSA POLICE OFFICER KOHUT sued as DOE 1 individually and in his official capacity ("Kohut"); CITY OF SANTA ROSA POLICE OFFICER GARY NEGRI, sued as DOE 2 individually and in his official capacity ("Negri"); CITY OF SANTA ROSA POLICE OFFICER BARR, sued as DOE 3 individually and in his official capacity ("Barr"); is and at all times material herein were, police officers employed by the City and operating in said capacity in the jurisdiction of the City (also collectively referred to as the "Cross-Defendant Police Officers").

12. Cross-Complainants allege that Cross-Defendants BRIEN J. FARRELL, sued individually and in his official capacity as the City Attorney of the City ("Farrell"); MICHAEL J. CASEY, sued individually and in his official capacity as the Assistant City Attorney of the City ("Casey") is and at all times material herein were city attorneys employed by the City and operating in said capacity in the jurisdiction of the City.

13. Cross-Complainants allege that Cross-Defendant MICHAEL REYNOLDS, sued individually and in his official capacity as the Code Enforcement Officer of the City ("Reynolds") is and at all times material herein were city attorneys employed by the City and operating in said capacity in the jurisdiction of the City.

14. Cross-Complainants allege that Cross-Defendants JAKELA, INC. ("Jakela") and DANIEL O. DAVIS, INC. ("Davis") are corporations organized and operating with its principal offices in California.

15. All the personal individuals named in this suit who are governmental official are sued both in their official capacity and individually.

16. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 3 and DOES 3 through 10, and persons heretofore unknown involved in the actions taken against Cross-Complainants are unknown to them at this time. Cross-Complainants and are informed and believe and based thereon allege that each of the DOE cross-defendants is responsible in some manner for the occurences herein referred to, and that Cross-Complainants allege that their injuries and damages as herein alleged were proximately caused by those cross-defendants. Cross-Complainants sue said cross-defendants by such fictitious names on the grounds that the true names and capacities of said cross-defendants are unknown to them at this time. Cross-Complainants will amend this complaint when the true names and capacities of said DOE cross-defendants are ascertained. Each reference in this complaint to "cross-defendant", "cross-defendants" or a specifically named cross-defendant also refers to cross-defendants sued under fictitious names.

FACTS COMMON TO ALL CLAIMS

17. Raman Patel, Brijesh Patel, Rita Patel and Prita Patel are of racial and national Asian-Indian origin commonly known in the Asian-Indian community as Gujarati.

18. At all times material herein, cross-defendants, and each of them except for Jakela and Davis, were aware of Raman Patel, Rita Patel and Prita Patels' racial and national Asian-Indian origin.

19. Beginning in 2005, cross-defendants, and each of them except for Jakela and Davis, conspired and formed a systematic policy to close the motel and drive plaintiffs out of business and out of the City.

20. Cross-defendants, and each of them except for Jakela and Davis, claimed falsely that the motel was operating as a haven for prostitution and drugs with the knowledge, encouragement and consent of Raman Patel, Jas 4, Rita Patel, David Stafford and Prita Patel.

21. In furtherance of the systematic policy to drive the motel and Cross-Complainants out of business and out of the City, during 2005, the cross-defendant police officers have continuously conducted surveillance of the motel and come onto the motel and inspected rooms without Cross-Complainants consent, knowledge or prior notice or a warrant and at the direction of Farrell and Casey.

22. On October 25, 2006, Peirsol and Frage, who are detectives, procured a search warrant to search the

residences of Raman Patel, Rita Patel and David

Stafford.

23. The warrant was procured by way of false and perjured testimony presented to the state court judge that plaintiffs were engaging in felonious activity with respect to the operation of the motel. There was no probable cause for the procurement or subsequent execution of the search warrant.

24. Later that day on October 25, 2005, at approximately 4:45 p.m., Peirsol, Fraga accompanied with Kohut, Negri, Barr and other City police officers of the City Swat Team, in execution of the search warrant went to the personal residence of Rita Patel and David Stafford.

25. Rita Patel and David Stafford were not at their residence at such time and Prita Patel and Brian Bales were at their residence along with their then six (6) week old baby working in Rita Patel's office which is located at the bottom level of the tri-level residence.

26. Said cross-defendants began to loudly bang on the door and Brian Bales answered the door after looking through a window and observing Swat Team police officers outside with a hugh metal rod ready to break open the front door.

27. When Brian Bales answered and opened the door, he was pushed by an undercover police officer and faced against against a wall located next to the guest

bathroom.

28. When Prita Patel heard the commotion upstairs, she started walking up the stairs with her baby that she was in the middle of nursing.

29. At such time as she was walking up the stairs, Prita Patel could hear her husband saying, "[p]lease do not do anything to my wife; she is down statirs with my 6 week old baby."

30. As Prita Patel reached the top of the stairs, she was terrified as she observed her husband handcuffed against a wall with police officers pointing guns to his head.

31. Brian Bales inquired of the cross-defendants why they were at the residence and was informed that they had procured a search warrant.

32. Brian Bales requested a copy of the warrant and was refused with one officer indicating that they did not need to give him a copy of the warrant.

33. At such time, the cross-defendants, and each of them, while Brian Bales was still handcuffed, conducted approximately a 45 minute search of the entire residence with several officers searching with guns up right; and searched the whole residence, including all the rooms, garage, wine cellar, storage room and Rita Patel's office where she conducts her insurance business.

34. After conducting the search and illegally seizing items, the cross-defendants, separated said Cross-Complainants into two (2) rooms, taking Brian Bales into the master bedroom and Prita Patel and the baby into a spare bedroom located on the west side of the residence.

35. Peirsol questioned Prita Patel without advising or informing her of her Miranda rights; questioning her as to whether she knew why said defendants were at the residence and about the operation of the motel.

36. Brian Bales was questioned by Peirsol and Fraga without advising or informing him of his Miranda rights; questioning him as to whether he knew why said defendants were at the residence and about the operation of the motel.

37. After Peirsol and Fraga stopped questioning Brian Bales, they brought him out to the front room where Prita Patel and her baby were then sitting.

38. At that point, said cross-defendants searched Prita Patel's purse without her consent or authorization in the warrant and asked Brian Bales for his wallet.

39. Said cross-defendants asked Prita Patel and Brian Bales where they resided, and were informed by them that they resided down the street.

40. Fraga then expressed suprise that they did not procure a search warrant for the residence of Prita Patel and Brian Bales, and threatened that if they were not permitted to conduct a search of their residence immediately

and were forced to procure a warrant, "[i]fe we do that [procure a warrant], we will be doing the same thing that we are doing at your house."

41. Prita Patel and Brian Bales did not voluntarily consent to the immediate search of their residence but do their being terrified of the events as described above, and based on their immediate concerns for the safety of their baby, did not specifically object to the immediate warrantless search of their residence.

42. Shortly therafter, in the early evening of October 25, 2005, said cross-defendants conducted a warrantless and illegal search, without voluntary consent, of Prita Patel and Brian Bales' residence, with Brian Bales accompanying them, illegally seizing items from the residence, and with Prita Patel remaining with cross-defendant Fraga and some other officers in her sister and brother-in-law's residence and threatening her with breaking the door to residence open if they were not provided with a key to her father's residence.

43. During the course of the search of Prita Patel and Brian Bales' residence, said cross-defendants made suggestive remarks to Brian Bales that were threatening in nature.

44. After the search of Prita Patel and Brian Bales' residence was completed, Brian Bales was brought back to his sister-in-law and brother-in-law's residence and

Prita Patel and Brian Bales were threatened, over Brian Bales specific objection that he could not provide a key to his father-in-law's residence without his permission, that if they did not provide the key to Raman Patel's residence, said cross-defendants would break the door open.

45. At that point, once again said Cross-Complainants being terrified of the events as described above, without voluntary consent provided the key to Raman Patel's residence.

46. Shortly therafter, in the evening of October 25, 2006, said cross-defendants conducted an illegal and non-consenting search of Raman Patel's residence with Brian Bales being forced to accompany them.

47. The search of Raman Patel's residence was illegally conducted outside the scope of the warrant as the warrant specified that the search could only be conducted during the day and did authorize a night search.

48. The search of Raman Patel's residence was illegally conducted outside the scope of the warrant as defendants seized items not authorized to be seized in the warrant not pertaining or relevant to the investigation of the operation of the motel such as Raman Patel's estate planning documents.

49. While said defendants were searching Raman Patel's residence, Prita Patel remained at her sister and brother-in-law's residence in the custody of the other

cross-defendant police officers.

50. During said time, said cross-defendants without authorization or permission began using the residence for their personal convenience such as turning the television on to watch the World Series; threatened her that she and her family was involved in committing a white collar crime; questioned her about her personal life and made obscene remarks about family members; and made comments that they observed during the course of the search that the family had paid a retainer to a well known criminal defense attorney in town, named L. Steven Turer, and that they disliked Turer and would not subsequently speak to him if contacted by him on behalf of the family.

51. Subsequently the same evening, said cross-defendants, with Peirsol, conducted a further illegal and non-consenting search of Rita Patel and David Stafford's residence, illegally conducting the search outside the scope of the warrant as defendants seizing items not authorized to be seized in the warrant not pertaining or relevant to the investigation of the operation of the motel such as Rita Patel's insurance business computer hard drives that included her valuable and private insurance business records and other business documents belonging to Rita Patel's insurance business and David Stafford's construction business; entered plaintiffs Rita Patel and David Stafford's bedroom and seized a safe, over the specific objection of

Prita Patel who informed Peirsol and Fraga that it contained valuable jewlerly that belonged to Rita Patel and her as a heirloom and memory of her late mother who passed away several years ago; and seized her 17 year old minor brother Brijesh Daji's personal bank statements.

52. After the above described illegal search and seizure conducted on October 25, 2006, Raman Patel, individually and as trustee of the family trust and as guardian of Brijesh Daji, Rita Patel, David Stafford, Prita Patel and Brian Bales requested that the cross-defendants return the illegally seized items which was complied with.

53. The motel was closed in 2005 and still does not operate and subsequently, but subsequently the cross-defendant City initiated a red-light abatement action in this case against Raman Patel, Jas 4, Rita Patel, David Stafford and Prita Patel under California Penal Code section 11225, et seq. in the Santa Rosa Superior Court (the "State Court Action") seeking closure of the motel even though the motel had been closed prior to the initiation of the action.

54. In initiating the state court action and seeking a preliminary injunction, the cross-defendant City procured and submitted false and perjured testimony from defendants Henry, Goldschlag, Gorman, Marcini, Tosti, Linscomb, Jones, Heiser, Yaeger, Parman, Sprague, Albritton, Tomlin and Cade regarding said Cross-Complainants and the operation of the motel.

55. Subsequent to the filing and prosecution of the state court action, on February 1, 2006, a meeting took place at City Hall with Raman Patel, Rita Patel, Attorney L. Steven Turer, Mayor Bender, Councilmember Condron, Farrell and Casey, Peirsol and a Swat Sergeant.

56. During the course of the meeting, Mayor Bender, Councilmember Condron, Farrell and Casey made racial remarks and personally insensitive remarks against Raman Patel and Rita Patel and the family.

57. In February of 2007, Farrell, Casey, Reynolds, Jakela and Davis, entered onto the motel multiple times, broke a locked chain link fence protecting and surrounding the motel, and initiated and then completed a demolition of the motel structures; all of this being done without consent of the Cross-Complainants or a warrant by a court to conduct the particular entry and demolition of the property.

58. On information and belief, said cross-defendants except Jakela and Davis conspiring and taking the actions above, said cross-defendants, and each of them, did so with the pretextual intent of closing the motel and transferring it to a private developer without the legitimate exercise of the City's police powers and drive Cross-Complainants out of business and out of the City.

59. In said cross-defendants conspiring and taking the actions above, said cross defendants except Jakela and Davis, and each of them, have not taken similar actions

against similarly situated individuals and businesses and said actions were (1) not objectively reasonable; or (2) pretextual in nature even if objectively reasonable; and (3) also done with impermissible racially discrimnatory motives and objectives.

60. In said cross-defendants conspiring and taking the actions above, said cross-defendants except Jakela and Davis, and each of them, have also maliciously caused to published false news reports about Cross-Complainants' alleged illegal activity at the motel.

61. In said cross-defendants conspiring and taking the actions above, said cross-defendants, and each of them, have caused Cross-Complainants great personal, emotional and economic damages to themselves and their respective businesses, including negatively affecting their long standing well respected status in the City among their friends, clients and residents.

Based on the above facts, Cross-Complainants allege the following claims:

<u>FIRST CAUSE OF ACTION</u>

(Violation of Civil Rights Under 42 U.S.C. Section 1983 by Cross-Complainants Against All Cross-Defendants)

62. Cross-Complainants reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 61, and all its subparts, inclusive, as

set forth hereinabove.

63. Cross-Complainants are informed and belief, and based upon such information and belief allege, that in doing all of the things herein mentioned, cross-defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Santa Rosa and the State of California for purposes of "state action" under 42 U.S.C. Section 1983.

64. Cross-Complainants are further informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-61 above, cross-defendants, and each of them, violated the constitutional and civil rights of Cross-Complainants, in particular their rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and under the procedural and substantive components of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.

65. Cross-Defendant City in engaging in the above-described conduct, acted according to official policy, custom and practice of the City. Any cross-defendants sued individually are not entitled to qualified, legislative immunity or prosecutorial.

66. As a proximate result of the foregoing acts of cross-defendants, and each of them, Cross-Complainants have suffered and continue to suffer extreme hardship and damages,

which damages include, but is not limited to, severe personal, emotional and economic damages to their reputations and their respective businesses and motel property. Cross-Complainants are informed and believe, and based upon such information and belief allege, that the damages they have suffered and continue to incur will be according to proof at trial but not less than $10,000,000.00 each, recoverable against each cross-defendant, and that they are also entitled to declaratory and injunctive relief and punitive damages against the individual cross-defendants and to their reasonable attorneys fees under 42 U.S.C. section 1988.

SECOND CAUSE OF ACTION

(Violation of Civil Rights Under 42 U.S.C. Section 1981 by Cross-Complainants except Stafford Against All Cross-Defendants except Jakela and Davis)

67. Cross-Complainants reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 66, and all its subparts, inclusive, as set forth hereinabove.

68. Cross-Complainants are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, cross-defendants, and each of them, violated Cross-Complainants' rights as codified under 42 U.S.C. Section 1981, intentionally

discriminating against them under the statute in initiating and maliuciously prosecuting this state court action based upon their racial and national origin.

69. Any cross-defendants sued individually are not entitled to qualified or legislative immunity.

70. As a proximate result of the foregoing acts of cross-defendants, and each of them, Cross-Complainants have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe personal, emotional and economic damages to their reputations and their respective businesses and motel property. Cross-Complainants are informed and believe, and based upon such information and belief allege, that the damages they have suffered and continue to incur will be according to proof at trial but not less than $10,000,000.00 each, recoverable against each defendant, and that they are also entitled to declaratory and injunctive relief and punitive damages against the individual cross-defendants and to their reasonable attorneys fees under 42 U.S.C. section 1988.

THIRD CAUSE OF ACTION

(Violation of Civil Rights Under 42 U.S.C. Section 1982 by Cross-Complainants except Stafford Against All Cross-Defendants except Jakela and Davis)

71. Cross-Complainants reallege and incorporate

herein by reference to each and every allegation contained in Paragraphs 1 through 70, and all its subparts, inclusive, as set forth hereinabove.

72. Cross-Complainants are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, cross-defendants, and each of them, violated Cross-Complainants' rights as codified under 42 U.S.C. Section 1982, intentionally discriminating against them under the statute in the operation and ownership of their motel and real property based upon their racial and national origin.

73. Any cross-defendants sued individually are not entitled to qualified or legislative immunity.

74. As a proximate result of the foregoing acts of cross-defendants, and each of them, Cross-Complainants have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe personal, emotional and economic damages to their reputations and their respective businesses and motel property. Cross-Complainants are informed and believe, and based upon such information and belief allege, that the damages they have suffered and continue to incur will be according to proof at trial but not less than $10,000,000.00 each, recoverable against each defendant, and that they are also entitled to declaratory and injunctive relief and punitive damages against the individual cross-defendants and

to their reasonable attorneys fees under 42 U.S.C. section 1988.

FOURTH CAUSE OF ACTION

(Violation of Civil Rights Under 42 U.S.C. Section 1985(3) by Cross-Complainants except Stafford Against All Cross-Defendants except Jakela and Davis)

75. Cross-Complainants reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 74, and all its subparts, inclusive, as set forth hereinabove.

76. Cross-Complainants are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, cross-defendants, and each of them, violated Cross-Complainants' rights as codified under 42 U.S.C. Section 1985(3), intentionally discriminating against them under the statute in the denial of the equal protection of the laws based upon their racial and national origin.

77. Any cross-defendants sued individually are not entitled to qualified or legislative immunity.

78. As a proximate result of the foregoing acts of cross-defendants, and each of them, Cross-Complainants have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe personal, emotional and economic damages to their

reputations and their respective businesses and motel property. Cross-Complainants are informed and believe, and based upon such information and belief allege, that the damages they have suffered and continue to incur will be according to proof at trial but not less than $10,000,000.00 each, recoverable against each defendant, and that they are also entitled to declaratory and injunctive relief and punitive damages against the individual cross-defendants and to their reasonable attorneys fees under 42 U.S.C. section 1988.

FIFTH CAUSE OF ACTION

(Violation of Article I, Section 19 of the California Constitution by All Cross-Complainant Against Cross-Defendant City only)

79. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 78, and all its subparts, inclusive, as set forth hereinabove.

80. The City's demolition of the motel is actionable under state law and under Article I, Section 19 of the California Constitution.

81. In taking the actions described hereinabove, there has been a "taking" of Cross-Complainants property and protected under state law under Article I, Section 19 of the California Constitution.

82. Cross-Complainants have received no compensation for the "taking" of their property.

83. As a result of the wrongful actions of the defendant, Cross-Complainants have suffered and continues to suffer extreme hardship and damages, which damages include, but are not limited to, loss of income on their motel business, in economic loss in the value of and his investment in the property, loan fees, lost profits and opportunity, and loss of financing. The damages Cross-Complainants suffered and continues to incur is according to proof at trial.

84. Cross-Complainants have incurred and will incur attorney's fees because of this proceeding which is recoverable under the provisions of Section 1036 of the California Code of Civil Procedure.

WHEREFORE, Cross-Complainants prays judgment against Cross-Defendants, and each of them, as follows:

**FIRST CAUSE OF ACTION**

1. For damages according to proof at trial but not less than 10,000,000.00 each;
2. For declaratory and injuntive relief;
3. For punitive damages against the individual defendants
4. For attorney's fees pursuant to 42 U.S.C. Section 1988;

SECOND CAUSE OF ACTION

5. For damages according to proof at trial but not less than $10,000,000.00 each;

6. For declaratory and injuntive relief;

7. For punitive damages against the individual cross-defendants;

8. For attorney's fees pursuant to 42 U.S.C. Section 1988;

THIRD CAUSE OF ACTION

9. For damages according to proof at trial but not less than $10,000,000.00 each;

10. For declaratory and injuntive relief;

11. For punitive damages against the individual cross-defendants;

12. For attorney's fees pursuant to 42 U.S.C. Section 1988;

FOURTH CAUSE OF ACTION

13. For damages according to proof at trial;

14. For declaratory and injuntive relief;

15. For attorney's fees pursuant to 42 U.S.C. Section 1988;

FIFTH CAUSE OF ACTION

16. For damages according to proof at trial;

17. For attorney's fees pursuant to California Code of Civil Procedure Section 1036;

FOR ALL CAUSES OF ACTION

18. For costs of suit; and

19. For such other and further relief as the Court deems just and proper.

DATED: May 3, 2007

LAW OFFICES OF FRANK A. WEISER

By: [signature]

FRANK A. WEISER, Attorney for Cross-Complainants RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, and as General Partner of the JAS 4 RAY PROPERTIES, L.P.; RITA PATEL, DAVID STAFFORD, individually and as guardian of BRIJESH R. DAJI; PRITA PATEL; BRIAN BALES

PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, am over the age of 18 years, and not a party to the within action. My business address is 3460 Wilshire Boulevard, Suite 903, Los Angeles, California 90010.

On May 4, 2007, I served the document entitled CROSS-COMPLAINT FOR DAMAGES; INJUNCTIVE AND DECLARATORY RELIEF [Violation of Federal Civil Rights] on the interested parties in this action by mailing and telefaxing a true copy thereof addressed as follows:

Brien J. Farrell, City Attorney
Michael J. Casey, Assistant City Attorney
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
P.O. Box 1678
Santa Rosa, CA 95402
Telefax - (707) 543-3055

X BY U.S. MAIL: By First Class Mail I deposited such envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

BY PERSONAL SERVICE: I delivered such envelope by hand to the persons listed as addressed above.

X BY FACSIMILE TRANSMISSION: I caused to be transmitted to the following party at the telephone number listed above.

X (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on May 4, 2007, at Los Angeles, California.

Frank A. Weiser