BRIEN J. FARRELL, City Attorney (SBN 088318)
MICHAEL J. CASEY, Assistant City Attorney (SBN 095730)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404

Telephone:  (707) 543-3040
Facsimile:   (707) 543-3055

Attorneys for Plaintiffs City of Santa Rosa
and the People of the State of California

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SANTA ROSA, PEOPLE OF THE STATE OF CALIFORNIA,<br><br>            Plaintiffs,<br><br>   v.<br><br>RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, JAS 4 RAY PROPERTIES, L.P., RITA PATEL, DAVID STAFFORD, PRITA PATEL and DOES 3-20,<br><br>            Defendants.<br>_____/ | Case No.  C 07 3528 MMC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS**<br><br>Date:   September 21, 2007<br>Time:  9:00 a.m.<br>Place:  Courtroom 7, 19th Floor<br>         450 Golden Gate Avenue,<br>         San Francisco, CA<br>Judge: Hon. Maxine Chesney |

Sanctions may be imposed against an attorney under 28 U.S.C. § 1927 for wrongfully proliferating litigation. *Pacific Harbor Capital, Inc. v. Carnival Airlines, Inc.* (9th Cir. 2000) 210 F.3d 1112, 1117.  The attorney's bad faith is assessed under a subjective standard that can be met by knowing or reckless conduct. *Id.*, 1118.  A finding of bad faith is warranted when an attorney knowingly or recklessly raises a frivolous argument. *Hamilton v. Willms* (E.D. Cal. 2007) 2007 U.S. Dist. LEXIS 21336.

The court also has inherent power to sanction attorneys for bad faith or abusive litigation

1  practices. *Chambers v. NASCO, Inc.* (1991) 501 U.S. 32, 43; *Roadway Express v. Piper* (1980)
2  447 U.S. 752, 764; *Marrama v. Citizens Bank* (2007) 127 S. Ct. 1105, 1112. Sanctions under the
3  court's inherent power are available for conduct that constitutes bad faith or is tantamount to bad
4  faith. *Fink v. Gomez* (9th Cir. 2001) 239 F.3d 989, 994. Reckless misstatements of law and fact,
5  when coupled with an improper purpose, are sanctionable. *Id.* Bad faith is also demonstrated
6  when an attorney knowingly or recklessly raises a frivolous argument or by delaying or
7  disrupting litigation. *Primus Auto. Fin. Serv. v. Batarse* (9th Cir. 1997) 115 F. 3d 644, 649.

8  The court finds that defendants' counsel knowingly and recklessly pursued a frivolous
9  removal action. The state court complaint was filed on October 26, 2005, and was allowed to be
10 amended on February 21, 2007. This amendment did not substantially alter the nature of the
11 lawsuit. Defendants demurred to this complaint and, when the demurrer was overruled, filed an
12 answer to it in state court. Defendants also filed, and served, a cross-complaint against the
13 plaintiffs and city related parties in state court. The removal petition was not filed until July 6,
14 2007, one week before the third trial date, and after defendants had been litigating in state court
15 for at least one and a half years.

16 28 U.S.C. § 1446(a) requires that the removal petition be filed together with all state court
17 process, pleadings and orders served upon the defendants. Defense counsel failed to comply with
18 this requirement and withheld numerous pleadings and orders served upon his clients when he
19 filed the removal petition.

20 Mr. Weiser knowingly and recklessly raised a frivolous argument that the matter was
21 removable under 28 U.S.C. § 1443(1) in light of his involvement in the cases of *Patel v. Del*
22 *Taco, Inc.* (9th Cir. 2006) 446 F.3d 996; *Inland Valley Development Agency v. Patel* (9th Cir.
23 2004) 116 Fed. Appx. 98; and *People v. Dawodu* (9th Cir. 2004) 112 Fed. Appx. 884. These
24 cases bear directly on his knowledge and intent in the present matter.

25 Likewise, Mr. Weiser knowingly and recklessly raised a frivolous argument that there
26 was subject matter jurisdiction. The state complaint and amended complaint are based on purely
27 local matters. The action is brought under California's Penal, Civil and Business and Professions
28 Codes. There is no question of federal law presented in the state court plaintiffs' pleadings.

[Proposed] Order Granting Plaintiffs' Motion for Sanctions                                        2

1  Federal jurisdiction cannot be raised in a counter claim or cross-complaint.  *Boggs v. Lewis* (9th

2  Cir. 1988) 863 F. 2d 662, 663-664; *Patel v. Del Taco, Inc.* (9th Cir. 2006) 446 F. 3d 996, 999.

3        Defendants' counsel filed a civil rights action in this court on May 17, 2006, *Raman D.*

4  *Patel, et al. v. City of Santa Rosa, et al.*, Case No. C 06-3267 MMC.  This court granted a stay in

5  that matter to allow this state court action to be completed.  The stay order was granted on

6  August 14, 2006.  The filing of the removal petition violated the stay order and wrongfully

7  proliferated litigation.

8        Under the court's inherent power, the court finds that the defendants and their attorney

9  acted in bad faith or engaged in conduct that is tantamount to bad faith.  The removal petition

10  was recklessly filed just one week before the scheduled trial in the state action and in the face of

11  a stay order of a substantially similar federal civil rights case filed in this district.  Defendants

12  and their counsel knew the stay order and its effect.  They also knew that the removal would

13  immediately bring a halt to all of the proceedings in the state court and unnecessarily engage the

14  services of this court.

15        Under these circumstances, and those presented in the Motion for Sanctions and the

16  accompanying declaration and exhibits, the court grants the motion and imposes the following

17  sanctions against defendants' counsel, Frank A. Weiser and the defendants:

18      1.    Attorney's fees of $8,612.50 incurred by plaintiffs to have the matter remanded.

19            This sum was incurred prior to the court's sua sponte remand order on July 24,

20            2007.  This amount shall be paid to the plaintiffs within 30 days.

21      2.    Attorney's fees of $9,100 incurred by the plaintiff for presenting this motion.

22            This amount shall be paid to the plaintiffs within 30 days.

23      3.    Attorney's fees of [$2,600 or $2,925] for unnecessary or duplicative trial fees

24            incurred, or that will be incurred, in the state court action as a direct result of the

25            removal.

26      4.    Frank A. Weiser is suspended and prohibited from practice before the Northern

27            District for a period of _____ commencing on _____.

28

5. Frank A. Weiser shall be required to obtain a pre-filing review certification from a magistrate judge certifying that any claim, filing or removal notice brought by Mr. Weiser in the Northern District is not frivolous or brought for an improper purpose. This sanction shall begin:_____.

SO ORDERED.

Dated:_____      _____
                                   UNITED STATES DISTRICT JUDGE