BRIEN J. FARRELL, City Attorney (SBN 088318)
MICHAEL J. CASEY, Assistant City Attorney (SBN 095730)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404

Telephone: (707) 543-3040
Facsimile:  (707) 543-3055

Attorneys for Plaintiffs City of Santa Rosa
and the People of the State of California

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SANTA ROSA, PEOPLE OF THE STATE OF CALIFORNIA,<br><br>            Plaintiffs,<br><br>v.<br><br>RAMAN D. PATEL, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust and Raman D. and Jashu R. Patel Survivor's Trust, JAS 4 RAY PROPERTIES, L.P., RITA PATEL, DAVID STAFFORD, PRITA PATEL and DOES 3-20,<br><br>            Defendants.<br>_____/ | Case No.  C 07 3528 MMC<br><br>**PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR SANCTIONS**<br><br>Date:   September 21, 2007<br>Time:  9:00 a.m.<br>Place:  Courtroom 7, 19th Floor<br>          450 Golden Gate Avenue<br>          San Francisco, California<br>Judge: Hon. Maxine Chesney |

**I.**

**The Declaration of Frank Weiser Should Be Stricken**

*Civil L.R.* 7-5(b) requires that a declaration contain only facts and must conform, as much as possible, to the requirements of F.R.C.P. 56(e).  This latter provision requires that a declaration set forth facts admissible in evidence.  Declarations must avoid conclusions and

Plaintiffs' Reply to Opposition to Motion for Sanctions                                                                                              1

argument.[1] Any declaration that fails to comply with this rule may be stricken in whole or in part.[2]

The declaration of Frank Weiser is replete with argument and conclusions.[3] Paragraphs 3, 4, 5 and 8 contain irrelevant information. And hearsay is set forth in paragraphs 5, 16 and the first paragraph 27.

Although the declaration should be stricken, it does exhibit defense counsel's peculiar view of his appellate "record". The verdict was reversed in *Patel v. Penman* (9th Cir. 1996) 103 F.3d 868, because no evidence was presented to support the jury's verdict.[4] Contrary to counsel's assertion in paragraph 13, the *Carpenteria* decision emphasized that summary judgment, in the *Penman* case, was affirmed in favor of the City on the substantive due process and equal protection claims. The court noted that Mr. Weiser's clients in *Penman* offered absolutely no evidence that they were treated differently.[5] Likewise, in the *Hotel & Motel Assn. of Oakland v. City of Oakland* case (paragraphs 19-21 of the declaration), the Ninth Circuit declined to adopt Mr. Weiser's "remarkable position".[6] And the court determined that the ordinance he was challenging easily passed the standard of review for a facial takings claim.[7]

While the Ninth Circuit agreed a faulty jury instruction was given in *Sanghvi v. City of Claremont*, the court determined that Mr. Weiser's clients waived their challenge by failing to object to the instruction. In fact, the court noted that the Sanghvis requested an alternate instruction of their own that had incorporated the defective language.[8]

Lastly, counsel's assertion in paragraph 23 that the Ninth Circuit agreed with him in *Peng*

---

[1] *Civil L.R.* 7-5(b).

[2] *Id.*

[3] In particular see paragraphs 7, 12, 13, 16, 18, 24, 26, second 25 [sic], second 26 [sic] and second 27 [sic].

[4] 103 F.3d at 879.

[5] 344 F.3d at 831.

[6] 344 F.3d at 967.

[7] *Id.*, 970.

[8] 328 F.3d at 541.

Plaintiffs' Reply to Opposition to Motion for Sanctions                                                2

1  *v. Hu* is most curious. There, the district court dismissed all of Mr. Weiser's client's claims and
2  this was affirmed on appeal.[9] In fact, the Ninth Circuit was unpersuaded that the underlying
3  matter was akin to extortion, as argued by Mr. Weiser, and more like domestic violence.[10]

## II.

### The Removal Petition Multiplied the Proceedings Before the District Court

This court granted a stay in the Patels' civil rights action, *Patel v. City of Santa Rosa*, C 06-3267 MMC. Judge Chesney's stay order specifically allowed the state action to proceed. The removal petition again placed the matter in the Northern District and in front of Judge Chesney.

The court has unquestioned power to award attorney's fees against a party who shows bad faith by hampering enforcement of a court order.[11] The district court's entry of sanctions is judged by the abuse of discretion standard.[12] Factual findings as to whether an attorney acted recklessly or in bad faith will be reversed only if they are clearly erroneous.[13]

It is true that *§ 1927* does not apply to a party not involved in an action before the sanctioning court at the time of the conduct. But that is not the case here.

Counsel's actions can be construed as multiplying the proceedings in the case before this court in light of *Patel v. City of Santa Rosa*, C 06-3267 MMC.[14] In any event, this does not effect the court's inherent power to award sanctions.

\\
\\

---

[9] 355 F.3d at 973.

[10] *Id*., 977.

[11] *Hutto v. Finney* (1978) 437 U.S. 678, 689 ftnt. 14.

[12] *Pacific Harbor Capital, Inc. v. Carnival AirLines, Inc.* (9th Cir. 2000) 210 F.3d 1112, 1117.

[13] *Id*.

[14] See *GriD Sys. Corp. v. John Fluke Mfg. Co.* (9th Cir. 1994) 41 F.3d 1318, 1319 and *In re Case* (5th Cir. 1991) 937 F.2d 1014, 1023.

### III.

### The Court is Not Divested of Jurisdiction

The motion for sanctions is based upon the frivolous, improper and bad faith conduct in filing the removal petition. The failure to meet the second prong of the 28 U.S.C. § 1443(1) removal test is but one basis for the motion. Yet that is the only basis for the defendants' appeal.

The *Griggs* case is of no help to defendants. That case recognizes that the notice of appeal divests the district court of its control over those aspects of the case involved in the appeal.[15] Here, the notice of appeal concerns the sua sponte remand for failure to comply with 28 U.S.C. § 1443(1). The appeal does not deal with counsel's bad faith conduct. The District Court may retain jurisdiction in matters collateral to those involved in the appeal, for example, a motion for attorneys' fees.[16] *Trulis*, also cited by defendants, is distinguishable. Most of the issues raised in the Berg defendants' second motion asked the district court to reconsider matters involved in the appeal and beyond the district court's jurisdiction.[17]

Here, the failure to meet the 28 U.S.C. § 1443(1) test, after three prior scoldings by the Ninth Circuit, is only one reason for the motion for sanctions. Defendants ignore, for instance, the other grounds for the motion including the untimeliness of the removal, the failure to provide necessary state court papers, the lack of subject matter jurisdiction, the waiver of the right to remove by participating in the state court action, violating a stay order, and omitting reference to the stayed federal action in the removal petition. Nor did they comply with *Civil L.R.* 3-12 or 3-13.

### IV.

### Sanctions Are Proper and Appropriate

Much of the defendants' opposition, particularly at pages 13-20, is simply an attempt to make a silk purse out of a sow's ear. Defendants were given fair warning that a motion for

---

[15] (1982) 459 U.S. 56, 58.

[16] *In re Does* (9th Cir. 1989) 891 F.2d 1407, 1413.

[17] *Trulis v. Barton* (9th Cir. 1995) 107 F.3d 685, 695.

Plaintiffs' Reply to Opposition to Motion for Sanctions    4

sanctions was coming (see Exhibit AA to declaration of Michael J. Casey).  The sua sponte remand merely beat plaintiffs to the punch.  However, that does not negate the effort required by plaintiffs to prepare a motion for remand and a motion for sanctions.  A Rule 11 motion was being drafted at the time the remand was ordered.  This argument was then deleted from the motion (see Declaration of Michael J. Casey, paragraph 4).[18]

The removal statute is strictly construed against removal.[19]  In fact, there is a strong presumption against removal jurisdiction and defendants have the burden to show that removal is proper.[20]  These are well known propositions.  It is also well known that removal must be effected within 30 days after receipt of the initial pleading or the amended pleading or order allowing the amendment.  The opposition fails to address why the removal was done one week before trial and months after the February 2007 state court order permitting the amended complaint.

Defendants' argument that plaintiffs' "recent litigation conduct" and pending motions to strike necessitated the removal is ludicrous.  If defendants were permitted to remove state actions every time a state judge permitted an amendment to a complaint or when a motion to strike was filed due to a party's failure to comply with state procedure, the federal courts would be inundated.  Defendants can't be serious.

Full and complete compliance with removal procedure is required for those who wish to flee to federal court.[21]  The opposition fails to address defendants' noncompliance with 28 U.S.C. § 1446(a) - filing copies of all process, pleadings and orders served upon defendants in the state action.  No federal law or question was raised in the complaint or cross-complaint.  And defense

---

[18] Although there is still an inadvertent reference to Rule 11 at page 8, lines 4-5 of the Points and Authorities.

[19] *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566; *Duncan v. Stuetzle* (9th Cir. 1995) 76 F.3d 1480, 1485.

[20] *Gaus*, supra; *Calif. ex rel. Lockyer v. Dynegy, Inc.* (9th Cir. 2204) 375 F.3d 831, 838.

[21] *Kisor v. Collins* (N.D. Ala. 2004) 338 F.Supp. 2d 1279, 1281; *Employers-Shopmens Local 516 Pension Trust v. Travelers Casualty and Surety Co.* (D. Or. 2005) 2005 U.S. Dist. LEXIS 38971.

Plaintiffs' Reply to Opposition to Motion for Sanctions                              5

counsel knew or should have known that a cross-complaint does not confer federal jurisdiction by virtue of the *Patel v. Del Taco* decision.[22]

Defendants waived their right to remove by participating in the state court action.[23] Filing the cross-complaint in state court deprived them of any right they may have had to remove.[24] Defendants can't experiment with their case in state court, meet with unexpected difficulty, stop the proceedings and then take it to federal court.[25]

## V.

## **Conclusion**

Plaintiffs' moving papers show defense counsel acted in bad faith. His conclusory denials in his declaration belie the knowing and reckless conduct shown by his actions.

His frivolous arguments and procedural gamesmanship should not be accepted by this court. They have not been accepted by the Ninth Circuit.

Mr. Weiser's actions in this case have been reckless, knowing, and tantamount to bad faith. His trifling attitude toward the court and plaintiffs should not permit him to go unscathed.

Dated: September _____, 2007

_____
MICHAEL J. CASEY
Assistant City Attorney
Attorneys for Plaintiffs

---

[22] (9th Cir. 2006) 446 F.3d 996, 999-1000.

[23] See *Resolution Trust Corp. v. Bayside Developers* (9th Cir. 1994) 43 F.3d 1230, 1240.

[24] *Acosta v. Direct Merchants Bank* (S.D. Cal. 2002) 207 F.Supp. 2d 1129, 1131-1132.

[25] *Jifkins v. Sweetzer* (1880) 102 U.S. 177, 179; *Rosenthal v. Coates* (1893) 148 U.S. 142, 147-148.

Plaintiffs' Reply to Opposition to Motion for Sanctions                                                    6