1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITY OF SANTA ROSA, PEOPLE OF THE
STATE OF CALIFORNIA,

        Plaintiffs,

  v.

RAMAN D. PATEL, et al.,

        Defendants.

_____/

No. C-07-3528 MMC

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION FOR SANCTIONS**

Before the Court is plaintiffs City of Santa Rosa and People of the State of

California's Motion for Sanctions, filed July 25, 2007. Defendants Raman D. Patel, Jas 4

Ray Properties, L.P., Rita Patel, David Stafford, and Prita Patel have filed opposition, to

which plaintiffs have replied. Having considered the parties' submissions filed in support of

and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

On October 26, 2005, plaintiffs commenced the instant action in state court. (See

Casey Decl., filed July 25, 2007, ¶ 5.) In the operative pleading, specifically, the First

Amended Complaint filed February 21, 2007, plaintiffs seek, inter alia, a declaration that

_____

[1]By order filed September 19, 2007, the Court vacated the hearing on plaintiffs'
motion. The Court notes it is not required to conduct an "oral or evidentiary hearing" before
granting a motion for sanctions, see Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.,
210 F. 3d 1112, 1118 (9th Cir. 2000), and finds no such hearing is necessary here.

1    defendants' property at 2400 Santa Rosa Avenue, Santa Rosa, California, is a public

2    nuisance, an injunction precluding defendants from operating said alleged nuisance, an

3    order of abatement, and civil penalties.  (See Notice of Removal Ex. A.)  Trial was set to

4    begin in state court on July 13, 2007.  (See Casey Decl. ¶ 12.)  On May 4, 2007,

5    defendants filed a cross-complaint for damages, alleging civil rights violations against the

6    City of Santa Rosa, the Santa Rosa Police Department, more than twenty individuals, and

7    two corporations.  (See id. Ex. W.)  On May 21, 2007, plaintiffs filed a motion to strike the

8    cross-complaint, arguing leave of court was required to file a cross-complaint and that

9    defendants had not obtained such leave; plaintiffs noticed a July 10, 2007 hearing on the

10   motion for strike.  (See id. Ex. X.)  Thereafter, defendants filed opposition to the motion to

11   strike, to which plaintiffs replied.  (See id. Ex. Y.)  On July 6, 2007, however, four days

12   before the July 10, 2007 scheduled hearing and one week before the scheduled trial date,

13   defendants removed the action to district court, alleging the district court had jurisdiction

14   over the instant action pursuant to 28 U.S.C. § 1443(1).

15        In their notice of removal, defendants alleged the instant action had been filed

16   "because" each defendant is of "Asian-Indian" descent or married to a person of "Asian-

17   Indian" descent.  (See Notice of Removal ¶¶ 6-7.)  Defendants also alleged they are unable

18   to "protect their due process and civil rights" in state court because "they will not be

19   permitted to prosecute a civil rights cross-complaint against the City of Santa Rosa and its

20   various city officials."  (See id. ¶ 9.)[2]  Defendants further alleged that even if they were

21   permitted to prosecute their cross-complaint, "they would not receive a fair jury trial as

22   there is an underrepresentation of minority jurors and especially jurors of Asian-Indian

23   descent in Sonoma County for purposes of the jury pool."  (See id. ¶ 10.)

24        By order filed July 24, 2007, the Court remanded the action sua sponte.  On July 25,

25   2007, plaintiffs filed the instant motion for sanctions.  On August 23, 2007, defendants filed

26   _____

27        [2]Such allegation was, at best, premature, given that defendants removed the action

28   before the state court had the opportunity to rule on plaintiffs' motion to strike defendants' cross-complaint.

1  a notice of appeal from the order remanding the action.

2                                    **DISCUSSION**

3          At the outset, the Court finds, contrary to defendants' argument, that defendants'

4  filing of a notice of appeal from the order remanding the action does not divest this Court of

5  jurisdiction to consider plaintiffs' motion for sanctions.  See Masalosalo v. Stonewall Ins.

6  Co., 718 F. 2d 955, 957 (9th Cir. 1983) (holding district court has jurisdiction to entertain

7  motion seeking award of attorney's fees under court's inherent power, after notice of appeal

8  from judgment filed).  Further, the Court has jurisdiction to consider a motion for sanctions

9  filed after an action has been remanded to state court.  See Moore v. Permanente Medical

10  Group, Inc., 981 F. 2d 443, 445 (9th Cir. 1992) ("The district court retain[s] jurisdiction after

11  the remand to entertain [a] motion for attorney's fees.").  The Court thus turns to the merits

12  of the motion for sanctions.

13          Plaintiffs argue sanctions against defendants' counsel are appropriate because

14  defendants filed the notice of removal in bad faith.  Plaintiffs seeks sanctions under both 28

15  U.S.C. § 1927, which authorizes sanctions against an attorney who "multiplies the

16  proceedings in any case unreasonably and vexatiously," and the Court's inherent power.

17          An award of sanction under § 1927 must be supported by a finding that the attorney

18  who multiplied the proceedings acted with "subjective bad faith."  See B.K.B. v. Maui Police

19  Dep't, 276 F. 3d 1091, 1107 (9th Cir. 2002).  Similarly, an award of sanctions under a

20  district court's inherent power must be supported by a finding that the subject attorney

21  engaged in conduct "tantamount to bad faith."  See id. at 1108 (internal quotation and

22  citation omitted).  "Bad faith" is "present when an attorney knowingly or recklessly raises a

23  frivolous argument, or argues a meritorious claim for the purpose of harassing an

24  opponent."  Id. at 1107.

25          In its order of removal, the Court cited unambiguous and binding authority as to what

26  a defendant must allege in order to properly remove an action under § 1443(1):

27          A petition for removal under § 1443(1) must satisfy a two-part test.  See Patel
           v. Del Taco, Inc., 446 F.3d 996, 998 (9th Cir. 2006).  "First, the petitioners
28         must assert, as a defense to the prosecution, rights that are given to them by

                                          3

1
2
3

explicit statutory enactment protecting equal racial civil rights." Id. at 999 (internal quotation and citation omitted). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision that purports to command the state courts to ignore federal rights." Id. (internal quotation and citation omitted).

4

(See Order Remanding Action at 1:26 - 2:5.)

5
6

The Court then found defendants had failed to satisfy the second part of the test:

7
8
9

Although defendants contend the instant action is being prosecuted against them because of their race in violation of their rights under 42 U.S.C. §§ 1981 and 1982 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, (see Notice of Removal ¶¶ 7, 12), they do not, and cannot, point to any provision of California law "that purports to command the state courts to ignore federal rights.

10

(See Order Remanding Action at 2:5-10.)

11    Given defendants' failure to allege the existence of a "state statute or constitutional

12    provision that purports to command the state courts to ignore federal rights," and there

13    being no such California statute or constitutional provision, the Court finds defendants'

14    removal on grounds of § 1443(1) was vexatious and frivolous.  Moreover, given that

15    counsel for defendants herein was counsel for the removing party in Patel v. Del Taco, the

16    case cited by this Court in the order of remand, and in which the Ninth Circuit clearly and

17    unambiguously stated what facts must be alleged in order to properly remove an action

18    under § 1443(1), the Court finds counsel for defendants acted with knowledge of, and in

19    disregard of, such unambiguous and binding authority.  The knowing frivolousness of

20    counsel's action is further demonstrated by the fact that, in Patel v. Del Taco, which also

21    involved the removal of an action originally filed in California state court, see Patel v. Del

22    Taco, 446 F. 3d at 998, the Ninth Circuit expressly stated the removing parties therein "had

23    no objectively reasonable basis for removal," given their failure to allege a "formal

24    expression of [California] state law that prohibits them from enforcing their civil rights in

25    state court."  See id. at 999-1001 (affirming order remanding action and holding district

26    court did not abuse discretion in awarding attorney's fees to plaintiff under 28 U.S.C.

27    § 1447(c)).

28    In their opposition, defendants cite various Supreme Court cases, for the proposition

4

1   that the test set forth by the Ninth Circuit in <u>Patel v. Del Taco</u> is somehow at odds with

2   Supreme Court precedent.  None of the Supreme Court cases cited by defendants,

3   however, contains any language suggesting the test set forth in <u>Patel v. Del Taco</u> is too

4   narrow or otherwise incorrect.  Indeed, the Supreme Court cases cited by defendants are

5   wholly supportive of the holding in <u>Patel v. Del Taco</u>.  In <u>City of Greenwood v. Peacock</u>,

6   384 U.S. 808 (1966), for example, the Supreme Court held allegations that "the charges

7   against the defendant [alleged in a state court proceeding] are false" and "the defendant is

8   unable to obtain a fair trial in a particular state court" are insufficient to warrant removal

9   under § 1443(1), and further observed that a "consistent line" of Supreme Court decisions

10  had so held.  <u>See</u> <u>id.</u> at 827 and n.26.  The Supreme Court further explained that "[u]nder

11  § 1443(1), the vindication of the defendant's federal rights is left to the state courts except

12  in the rare situations where it can be clearly predicted by reason of the <u>operation of a</u>

13  <u>pervasive and explicit state or federal law</u> that those rights will inevitably be denied by the

14  very act of bringing the defendant to trial in the state court."  <u>Id.</u> at 828 (emphasis in

15  original) (citing cases).

16       Here, the notice of removal alleges defendants believe they will not receive a fair

17  trial, either because the particular judge to which the matter was assigned is not fair or

18  because the pool from which jurors will be drawn does not fairly reflect the population of

19  Sonoma County.  Even assuming these allegations are true, defendants have available

20  remedies in state court.  Defendants may, for example, seek recusal of any biased judicial

21  officer, <u>see</u> Cal. Code Civ. Proc. §§ 170.1-170.6, and challenge the composition of the jury

22  pool, <u>see</u>, <u>e.g.</u>, <u>In re Rhymes</u>, 170 Cal. App. 3d 1100, 1103, 1113-14 (1985) (affirming

23  order vacating judgment where "panel of potential jurors" did not "meet the fair cross-

24  section of the community requirements" under federal and state law).  Removal under

25  § 1443(1), however, is not an available remedy, <u>see</u> <u>City of Greenwood</u>, 348 U.S. at 828,

26  and, as noted, defendants' counsel knew at the time the notice of removal was filed that the

27  allegations he made in the notice could not support removal under § 1443(1).

28  //

5

In sum, defendants' counsel having been advised by the Ninth Circuit that a failure to allege the existence of a California state law prohibiting a defendant from enforcing a civil right in state court would render any notice of removal based on § 1443(1) "objectively unreasonable," see Patel v. Del Taco, 446 F. 3d at 999, the Court finds such counsel's decision to, again, remove a case under § 1443(1) and, again, fail to cite the requisite California law exceeds objective unreasonableness and rises to the level of subjective bad faith.

Accordingly, the Court finds sanctions are proper under both § 1927 and the Court's inherent power.

Plaintiffs seek the following sanctions: (1) an order suspending defendants' counsel from practice before this District; (2) an order requiring defendants' counsel to obtain a pre-filing certification from a judge of this District, before being allowed to file any complaint or notice of removal; and (3) an award of attorneys' fees to plaintiffs. The Court finds suspension and imposition of pre-filing requirements are not appropriate sanctions for the conduct at issue herein. The Court does find, however, that an award of attorneys' fees is appropriate.

In that regard, plaintiffs seek the following fees, based on an hourly rate of $325: (1) $8612.50, based on 26.5 hours expended in preparing a motion to remand;[3] (2) $11,050, based on 28 hours ($9100) expended in preparing the instant motion for sanctions and 6 hours ($1950) in preparing a reply; and (3) $2925, based on 9 hours expended in preparing for the trial as scheduled in state court at the time of the removal.

The Court finds the requested hourly rate of $325 is reasonable,[4] and that it was reasonable for plaintiffs to prepare a motion to remand. In light of the unambiguous and binding authority supporting such a motion, however, the Court finds the expenditure of 26.5 hours in the preparation of said motion is excessive. The Court will award sanctions

---

[3]Plaintiffs' motion was not filed in light of the Court's having issued sua sponte an order of remand before plaintiffs had the opportunity to file their motion.

[4]Defendants have not challenged the hourly rate requested by plaintiffs.

1  based on 7 hours for such work, specifically, $2275.  Additionally, the Court finds the

2  expenditure of 34 hours in the preparation of the instant motion and reply is excessive.  The

3  Court will award sanctions based on a total of 8 hours for such work, specifically, $2600.

4  Finally, assuming, _arguendo_, the Court has discretion to award sanctions based on work

5  performed solely in connection with a state court action, the Court declines to make such

6  an award here, as plaintiffs have failed to show all of that work necessarily will have to be

7  repeated and plaintiffs have not provided a breakdown of the total amount claimed for such

8  work.

9       Accordingly, the Court will award sanctions in favor of plaintiffs and against

10  defendants' counsel in the total amount of $4875.

11                  **CONCLUSION**

12       For the reasons stated above, plaintiffs' motion for sanctions is hereby GRANTED in

13  part and DENIED in part, as follows:

14       1.  Plaintiffs' motion for an award of sanctions is GRANTED and plaintiffs are hereby

15  awarded $4875 as sanctions against defendants' counsel.

16       2.  In all other respects, the motion is DENIED.

17       **IT IS SO ORDERED.**

18

19  Dated: September 25, 2007

20                          MAXINE M. CHESNEY
                              United States District Judge

21

22

23

24

25

26

27

28